RONALD J. SCHOLAR, Bar No. 187948
rscholar@colehuber.com
TYLER J. SHERMAN, Bar No. 343567
tsherman@colehuber.com
COLE HUBER LLP
2281 Lava Ridge Court, Suite 300
Roseville, California 95661
Telephone: (916) 780-9009
Facsimile: (916) 780-9050

Attorneys for Defendants CITY OF REDDING, LAUREN MEYERS, REGAN ORTEGA, JON SHELDON, REDDING POLICE DEPARTMENT

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHETAKHOM TU MANIVONG,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF REDDING; LAUREN MEYERS; REGAN ORTEGA; JON SHELDON; REDDING POLICE DEPARTMENT; 1.B.E.W 1245 AND DOES 1 THROUGH 50, INCLUSIVE,<br><br>Defendants. | Case No.<br><br>**NOTICE OF REMOVAL TO FEDERAL COURT** |

COLE HUBER LLP
2281 LAVA RIDGE COURT, SUITE 300
ROSEVILLE, CALIFORNIA 95661

**TO THE UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF CALIFORNIA:**

Defendants, CITY OF REDDING; LAUREN MEYERS; REGAN ORTEGA; JON SHELDON; and REDDING POLICE DEPARTMENT ("Defendants"), file this Notice of Removal from the Superior Court of the State of California, County of Shasta, in which this case is now pending, to the United States District Court, Eastern District of California. In support of such removal, the County advises as follows:

1. Plaintiff PHETAKHOM TU MANIVONG, commenced this case in Superior Court of the State of California, County of Shasta, on or around December 29, 2025, initiating the action *Phetakhom Tu Manivong v. City of Redding, et al.*, Case No. 25CV-0209517.

2. As required under 28 U.S.C. § 1446(a), copies of all process and pleadings served on Defendants are attached to this Notice of Removal. Attached as **Exhibit A** is a true and correct copy of Plaintiff's original complaint. That complaint included four causes of action: (1) Breach of Employment Contract, (2) Wrongful Discharge in Violation of Public Policy, (3) Malicious Prosecution, and (4) Defamation Per Se. Attached as **Exhibit B** is a true and correct copy of the summons on the initial complaint.

3. After being served with the initial complaint, the parties corresponded about the defects in the complaint, which failed to clearly delineate the relief it was seeking and law under which it was brining its claims. The first cause of action contained formulaic labels of "state and federal rights to due process and equal protection" but contained no other allegations or claims except for breach of contract.

4. Plaintiff agreed to amend its complaint. Plaintiff filed a First Amended Complaint on May 5, 2026. A true and correct copy of Plaintiff's First Amended Complaint, as originally filed on May 5, 2026, is attached as **Exhibit C**.

5. The First Amended Complaint includes nine causes of action:

(1) Breach of Employment Contract

(2) Wrongful Discharge In Violation Of Public Policy

(3) Malicious Prosecution

(4) Defamation Per Se

(5) Racial Discrimination In Violation Of California Government Code § 12940

(6) Breach Of Contract

(7) Violation Of Due Process (42 U.S.C. § 1983)

(8) Intentional Infliction Of Emotional Distress

(9) Violation Of Labor Code § 432.7

6. The First Amended Complaint is the first pleading unequivocally setting forth a basis for federal jurisdiction, namely Plaintiff's new claim under 42 U.S.C. § 1983 for alleged violations of due process rights.

7. On May 14, 2026, Plaintiff emailed a copy of a Plaintiff's First Amended Complaint. Defendants executed and filed Notices and Acknowledgment of Receipt of the First Amended Complaint on May 14, 2026, true and correct copies of which are attached as **Exhibit D**.

8. This action is properly removable to the United States District Court in accordance with 28 U.S.C. § 1441(a) in that this Court has original jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331.

9. This action is one which may be removed to this Court under 28 U.S.C. § 1441 in that it arises under federal law, including allegations of violations under 42 U.S.C. § 1983. Supplemental jurisdiction over any state law claim arises under 28 U.S.C. § 1367.

10. Venue is proper in the United States District Court for the Eastern District of California, which embraces the County of Shasta, in which the state court action is pending.

11. This Notice of Removal to this Court is timely pursuant to 28 U.S.C. § 1446(b) because this Notice was filed within 30 days of service and execution of the Notices and Acknowledgments of Receipt of the First Amended Complaint on May 14, 2026.

12. Defendants allege that they have good and sufficient cause to remove the First Amended Complaint to this Court.

13. No previous application has been made to this Court for the relief sought herein.

14. All defendants properly joined and served consent to the removal of this action.

/ / /

/ / /

COLE HUBER LLP
2281 LAVA RIDGE COURT, SUITE 300
ROSEVILLE, CALIFORNIA 95661

COLE HUBER LLP
2281 LAVA RIDGE COURT, SUITE 300
ROSEVILLE, CALIFORNIA 95661

15. As required under 42 U.S.C. § 1446(d), Defendants will file a Notice to Adverse Parties and State Court, including a copy of this Notice of Removal (without exhibits), in the Superior Court of California, County of Shasta. Defendants will concurrently serve a copy of that Notice and this Notice of Removal on Plaintiff.

Dated: May 21, 2026

COLE HUBER LLP

By: [signature]

Ronald J. Scholar
Tyler J. Sherman
Attorneys for Defendants CITY OF REDDING, LAUREN MEYERS, REGAN ORTEGA, JON SHELDON, REDDING POLICE DEPARTMENT

COLE HUBER LLP
2281 LAVA RIDGE COURT, SUITE 300
ROSEVILLE, CALIFORNIA 95661

# PROOF OF SERVICE

**Phetakhom Tu Manivong v. City of Redding, et al.**
**USDC Eastern District of California Case No. ____________**
**Removed from Shasta County Superior Court Case No. 209517**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Placer, State of California. My business address is 2281 Lava Ridge Court, Suite 300, Roseville, CA 95661.

On May 21, 2026, I served true copies of the following document(s) described as

**NOTICE OF REMOVAL TO FEDERAL COURT**

on the interested parties in this action as follows:

| | |
|---|---|
| Eric Alan Berg, Esq.<br>Daniel Shepherd Henderson, Esq.<br>THE LAW OFFICES OF BERG & ASSOCIATES, INC.<br>1361 Esplanade<br>Chico, CA 95926<br>Tel: (530) 223-5100<br>Fax: (530) 223-5200<br>Email: dhenderson@bergslaw.com<br>info@bergslaw.com | Attorneys for Plaintiff<br>PHETAKHOM TU MANIVONG |

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Cole Huber LLP for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope was placed in the mail at Roseville, California.

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address kmorris@colehuber.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on May 21, 2026, at Roseville, California.

***/s/ Kirsten Morris***
Kirsten Morris

# Exhibit A

Eric Alan Berg [SBN 121195]
Daniel Shepherd Henderson [SBN 345010]
THE LAW OFFICES OF BERG & ASSOCIATES, INC.
5000 Bechelli Lane Suite 201
Redding, CA 96001
(530) 223-5100 (Tel)
(530) 223-5200 (Fax)
info@bergslaw.com

Attorneys for Plaintiff
PHETAKHOM TU MANIVONG

FILED
DEC 29 2025
CLERK OF THE SUPERIOR COURT
BY: K. BESANA, DEPUTY CLERK

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**
**FOR THE COUNTY OF SHASTA**
**UNLIMITED JURISDICTION**

| | |
|---|---|
| PHETAKHOM TU MANIVONG.,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF REDDING; LAUREN MEYERS; REGAN ORTEGA; JON SHELDON; REDDING POLICE DEPARTMENT; I.B.E.W 1245 AND DOES 1 THROUGH 50, INCLUSIVE<br><br>Defendant | Case no: 209517<br><br>**COMPLAINT FOR DAMAGES:**<br><br>**(1) BREACH OF EMPLOYMENT CONTRACT;**<br>**(2) WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY;**<br>**(3) MALICIOUS PROSECUTION;**<br>**(4) DEFAMATION PER SE**<br><br>**DEMAND FOR JURY TRIAL** |

**COMES NOW,** Plaintiff Phetakhom Tu Manivong ("Plaintiff") and brings the following causes of action against Defendants City of Redding; Redding Police Department; and Does 1 through 50, inclusive.

## I. PARTIES

1. Plaintiff is, and at all times mentioned herein was, an individual residing in the City of Redding, County of Shasta, State of California.

2. Defendant City of Redding (hereinafter "City") is, and at all times mentioned herein was, a municipal corporation organized and existing under the laws of the State of California, located in the County of Shasta.

3. Defendant Redding Police Department (hereinafter "Police Department") is, and at all times mentioned herein was, a public entity and law enforcement agency operating under the authority of Defendant City of Redding, located in the County of Shasta, State of California.

4. Defendant Regan Ortega is a law enforcement Sergeant employed by Defendant Redding Police Department in the City of Redding, County of Shasta (Badge No.376).

5. Defendant Jon Sheldon is a law enforcement Sergeant employed by Defendant Redding Police Department in the City of Redding, County of Shasta (Badge No. 322).

6. Defendant I.B.E.W. 1245 is a local employment union for employees of the City of Redding, working from the County of Shasta. At all times relevant herein, Defendant I.B.E.W. 1245 was the labor union responsible for exclusive bargaining and representation of Plaintiff.

7. Defendant Lauren Meyers is a law enforcement Sergeant employed by Defendant Redding Police Department in the City of Redding, County of Shasta, and was the arresting office in Shasta County Superior Court case People v. Manivong.

8. The true names and capacities of Defendants sued herein as DOES 1 through 50, inclusive, whether individual, corporate, associate, or otherwise, are currently unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes, and thereon alleges, that each of the fictitiously named Defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by their conduct.

## II. JURISDICTION AND VENUE

9. This Court has jurisdiction over the subject matter of this action because the amount in controversy exceeds $25,000, exclusive of interests and costs, thereby conferring unlimited civil jurisdiction upon this Superior Court pursuant to California Code of Civil Procedure Sections 85 and 88.

10. Venue is proper in this Court because the events and omissions giving rise to the claims occurred in the County of Shasta, and Defendants are located and conduct business in the City of Redding, County of Shasta.

## III. STATEMENT OF FACTS

11. At all times relevant herein, Plaintiff was employed by Defendant City as a public employee. Plaintiff's employment with the City was pursuant to an employment contract that specified that Plaintiff would remain employed, subject to termination only for cause or in accordance with the City of Redding's applicable policies and procedures as located in their Policies and Procedures and Conduct and Honesty Policy.

12. On or about August 12, 2022, Plaintiff was arrested in Shasta County by agents of the Redding Police Department in violation of the following Penal Code Sections:

Penal Code Section 261(A)(2) PC F (11055)

Penal Code Section 236 PC F (56016)

Penal Code Section 647.6(A)(1) PC F (36339)

Penal Code Section 647.6 PC M (36077)

Penal Code Section 289(E) PC F (36072)

Penal Code Section 287(F)(2) PC F (36321)

Penal Code Section 287(B)(1) PC F (36298)

Penal Code Section 288.2(A)(1) PC F (37120)

Penal Code Section 236 PC F (56016)

Penal Code Section 287(I) PC F (36317)

Penal Code Section 220(A)(2) PC F (11129)

Penal Code Section 289(A)(1)(A) PC F (11100)

13. On the same day of his arrest, Defendant City placed Plaintiff on paid administrative leave.

14. On the day of Plaintiff's arrest, Defendant Police Department made a public Facebook post announcing Plaintiff's arrest, including details of the charges and a photograph from

Plaintiff's driver's license. Nothing in the post stated that Plaintiff was innocent until proven guilty. Instead, Defendant Police Department stated "... the victim... had been sexually assaulted by Manivong for a period of about 1.5 years."

15. The Police Department's Facebook post was subsequently republished, quoted, and redistributed via social media, community members, and Action News Now.

16. On or about November 11, 2022, Defendant City issued Plaintiff a notice of intent to terminate his employment.

17. On or about January 15, 2023, Defendant City terminated Plaintiff's employment prior to the end of the specified term of the employment contract.

18. On or about March 20, 2023, the Redding City manager, Barry Tippen, agreed to continue Plaintiff's grievance to arbitration. He agreed to continue the grievance for termination to an arbitration hearing until the conclusion of legal proceedings in People v. Manivong.

19. On or about May 22, 2025, Plaintiff was acquitted of all charges in the criminal proceeding in Shasta County Superior Court, Case No. 22F01568. The proceeding ended in Plaintiff's favor with a verdict of not guilty on all charges.

20. Following that acquittal, the city failed to offer Mr. Manivong arbitration as promised and as guaranteed in the city's own procedures and his union contract despite the fact that it was requested by Plaintiff's counsel on December 29, 2025.

21. Even after Plaintiff's acquittal, news sources continued to reference the original Police Department post, resulting in ongoing damage to Plaintiff's reputation despite his acquittal. Members of the community expressed hostility and admonishment toward Plaintiff in comments sections of the posts and related articles.

22. As a direct and proximate result of Defendant's actions, Plaintiff has suffered harm, including but not limited to difficulty obtaining new employment, damages to reputation, business and credit, extreme mental anguish, physical discomfort, and inconvenience; shame, mortification; and expenses include attorney fees for defending against the criminal prosecution, lost wages as a result of being terminated by City, loss of pension contributions; and other damages to be determined.

23. The acts and omissions of Defendants as alleged herein were done maliciously, oppressively, and with the intent to injure Plaintiff, warranting an award of punitive damages.

## FIRST CAUSE OF ACTION

**BREACH OF EMPLOYMENT CONTRACT IN VIOLATION OF CAL. LABOR CODE SECTION 432.7 AND STATE AND FEDERAL RIGHTS TO DUE PROCESS AND EQUAL PROTECTION (AS TO DEFENDANT CITY OF REDDING AND DOES 1-25)**

24. Plaintiff incorporated by reference paragraphs 1 through 23 as though fully set forth herein.

25. Plaintiff and Defendant City entered into an employment contract that specified a length of time that Plaintiff would remain employed, and/or provided for continued employment unless Plaintiff was in violation of City's policies and procedures as defined in their employment contract.

26. Plaintiff subsequently performed his job duties under the contract.

27. Defendant City breached the employment contract by discharging Plaintiff without cause as defined in City's policies and procedures and employee handbook.

28. Plaintiff was harmed by the discharge, including loss for earnings, benefits, pension contributions, and other economic and noneconomic damages.

29. As a proximate result of Defendant City's breach, Plaintiff has suffered damages in an amount to be proven at trial, but no less than $12,000,000.

## SECOND CAUSE OF ACTION

**WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY IN VIOLATION OF CAL. LABOR CODE SECTION 432.7 AND STATE AND FEDERAL RIGHTS TO DUE PROCESS AND EQUAL PROTECTION (AS TO DEFENDANTS CITY OF REDDING; I.B.E.W. 1245; AND DOES 1-25)**

30. Plaintiff incorporates by reference paragraphs 24 through 29 as though fully set forth herein.

31. Plaintiff was an employee of Defendant City.

32. Defendant City terminated Plaintiff on January 15, 2023.

33. Plaintiff's arrest and subsequent criminal charges (of which he was later acquitted) were a substantial motivating reason for Defendant City's decision to discharge Plaintiff, in violation of public policy favoring the presumption of innocence and against discrimination based on unfounded criminal accusations.

34. Defendant City failed to do a fair investigation into the matter before terminating Plaintiff and, in addition, failed to follow through with their promise for arbitration to Plaintiff.

35. Instead, Defendant City utilized non-conviction arrest records as their grounds for terminating Plaintiff.

36. The discharge caused Plaintiff harm, including economic losses (past and future lost earnings, profits, and other economic damages) and noneconomic losses (mental suffering, emotional distress, and shame).

37. Defendant I.B.E.W. 1245 was the responsible union retained by workers of the City of Redding to represent employees during the grievance process. I.B.E.W. failed to adhere to representation standards in that they failed to negotiate and represent Plaintiff at grievance hearings, leaving him without proper representation disadvantageously.

38. As a proximate result of Defendant City's wrongful discharge, Plaintiff has suffered damages in an amount to be proven at trial, but no less than $12,000,000.

## **<u>THIRD CAUSE OF ACTION</u>**

## **MALICIOUS PROSECUTION (AS TO DEFENDANTS REDDING POLICE DEPARTMENT; LAUREN MEYERS AND DOES 26-50)**

39. Plaintiff incorporates by reference paragraphs 30 through 38 as though fully set forth herein.

40. Defendant Police Department and Defendant Lauren Meyers was actively involved in causing Plaintiff to be arrested and prosecuted, including by filing charges without probable cause.

41. The criminal proceeding ended in Plaintiff's favor with an acquittal on all charges.

42. No reasonable person in Defendant Police Department's circumstances would have believed that there were grounds for causing Plaintiff to be arrested and prosecuted.

43. Defendant Police Department acted primarily for a purpose other than to bring Plaintiff to justice, including but not limited to, humiliating him by publishing his arrest on their public Facebook page, doing an improper investigation, and acting with improper motives rather than enforcing the law.

44. Plaintiff was harmed, including by lost liberty, imprisonment, damage to reputation, and emotional distress.

45. Defendant Police Department's conduct was a substantial factor in causing Plaintiff's harm.

46. As a proximate result of Defendant Police Department's malicious prosecution, Plaintiff has suffered damages in an amount to be proven at trial, but no less than $12,000,000.

## FOURTH CAUSE OF ACTION

## DEFAMATION PER SE (AS TO DEFENDANTS REDDING POLICE DEPARTMENT; REGAN ORTEGA; JON SHELDON AND DOES 26-50)

47. Plaintiff incorporates paragraphs 39 through 46 as though fully set forth herein.

48. Defendants Police Department, Regan Ortega, and Jon Sheldon made defamatory statements to persons other than Plaintiff, including the public Facebook post announcing Plaintiff's arrest and charges, implying that Plaintiff had committed a crime.

49. These persons reasonably understood the statements to be about Plaintiff, as it showed his full name and was posted with a large photo of him.

50. These persons reasonably understood the statements to mean that Plaintiff had committed a crime, as their comments on the post were hostile.

51. Defendant Police Department, Regan Ortega, and Jon Sheldon failed to use reasonable care to determine the truth or falsity of their statements.

52. The statements were a substantial factor in causing harm to Plaintiff's personal property, occupation; expenses paid as a result of the statements; harm to reputation; and shame, mortification, or hurt feelings.

53. Even without proof of actual damages, the law assumed harm to reputation and emotional distress, entitling Plaintiff to reasonable compensation, including at least nominal damages.

54. Defendant Police Department, Regan Ortega, and Jon Sheldon acted with malice and oppression, warranting punitive damages.

55. As a proximate result of Defendant Police Department's defamation, Plaintiff has suffered damages in an amount to be proven at trial, but no less than $12,000,000.

## PRAYER FOR RELIEF

**IN LIGHT OF THE FOREGOING,** Plaintiff prays for judgement as follows:

1. Compensatory damages in an amount no less than $12,000,000;
2. Punitive damages in an amount to be determined at trial;
3. Reasonable attorney fees;
4. Costs of suit herein incurred; and
5. Such other and further relief as the Court deems just and proper.

Respectfully submitted this 19th day of December 2025.

**THE LAW OFFICES OF BERG & ASSOCIATES, INC.**

Eric Alan Berg
Attorney for Plaintiff

# Exhibit B

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

FILED
DEC 29 2025
CLERK OF THE SUPERIOR COURT
BY: K. BESANA, DEPUTY CLERK

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***
LAUREN MEYERS and DOES 1-50

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***
PHETAKHOM TU MANIVONG

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡**AVISO!** Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* SHASTA COUNTY SUPERIOR COURT
1515 Court Street Redding CA 96001

CASE NUMBER:
*(Número del Caso):*
209517

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Eric Alan Berg. Law Offices of Eric Alan Berg & Associates Inc. 5000 Bechelli Lane Suite 201 Redding CA 96002 (530)223-5100

DATE: *(Fecha)* DEC 29 2025 Clerk, by *(Secretario)* K. BESANA, Deputy *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. [x] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*
3. [ ] on behalf of *(specify):*
   under:
   - [ ] CCP 416.10 (corporation)
   - [ ] CCP 416.20 (defunct corporation)
   - [ ] CCP 416.40 (association or partnership)
   - [ ] CCP 416.60 (minor)
   - [ ] CCP 416.70 (conservatee)
   - [ ] CCP 416.90 (authorized person)
   - [ ] other *(specify):*
4. [x] by personal delivery on *(date):*



Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

**For your protection and privacy, please press the Clear This Form button after you have printed the form.**

**Print this form** **Save this form** **Clear this form**

# Exhibit C

"Filed by fax"

Eric Alan Berg [SBN 121195]
Daniel Shepherd Henderson [SBN 345010]
THE LAW OFFICES OF BERG & ASSOCIATES, INC.
1361 Esplanade
Chico, CA 95926
(530) 223-5100 (Tel)
(530) 223-5200 (Fax)
info@bergslaw.com

Attorneys for Plaintiff
**PHETAKHOM TU MANIVONG**

**FILED**

MAY 05 2026

SHASTA COUNTY SUPERIOR COURT
BY: M. GREINER, DEPUTY CLERK

SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF SHASTA
UNLIMITED JURISDICTION

| | |
|---|---|
| PHETAKHOM TU MANIVONG.,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF REDDING; LAUREN MEYERS; REGAN ORTEGA; JON SHELDON; REDDING POLICE DEPARTMENT; I.B.E.W 1245 AND DOES 1 THROUGH 50, INCLUSIVE<br><br>Defendant | Case no: 209517<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES:**<br><br>**(1) BREACH OF EMPLOYMENT CONTRACT;**<br>**(2) WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY;**<br>**(3) MALICIOUS PROSECUTION;**<br>**(4) DEFAMATION PER SE;**<br>**(5) RACIAL DISCRIMINATION IN VIOLATION OF FEHA (GOV. CODE § 12940) (AGAINST CITY OF REDDING);**<br>**(6) BREACH OF CONTRACT (AGAINST I.B.E.W. LOCAL 1245);**<br>**(7) VIOLATION OF DUE PROCESS (42 U.S.C. § 1983) (AGAINST CITY OF REDDING AND LAUREN MEYER);**<br>**(8) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (AGAINST ALL DEFENDANTS)**<br>**(9) VIOLATION OF LABOR CODE § 432.7**<br><br>**DEMAND FOR JURY TRIAL** |

COMES NOW, Plaintiff Phetakhom Tu Manivong ("Plaintiff") and brings the following causes of action against Defendants City of Redding; Redding Police Department; and Does 1 through 50, inclusive.

## I. PARTIES

1. Plaintiff is, and at all times mentioned herein was, an individual residing in the City of Redding, County of Shasta, State of California.

2. Defendant City of Redding (hereinafter "City") is, and at all times mentioned herein was, a municipal corporation organized and existing under the laws of the State of California, located in the County of Shasta.

3. Defendant Redding Police Department (hereinafter "Police Department") is, and at all times mentioned herein was, a public entity and law enforcement agency operating under the authority of Defendant City of Redding, located in the County of Shasta, State of California.

4. Defendant Regan Ortega is a law enforcement Sergeant employed by Defendant Redding Police Department in the City of Redding, County of Shasta (Badge No.376).

5. Defendant Jon Sheldon is a law enforcement Lieutenant employed by Defendant Redding Police Department in the City of Redding, County of Shasta (Badge No. 322).

6. Defendant I.B.E.W. 1245 is a local employment union for employees of the City of Redding, working from the County of Shasta. At all times relevant herein, Defendant I.B.E.W. 1245 was the labor union responsible for exclusive bargaining and representation of Plaintiff.

7. Defendant Lauren Meyers is a law enforcement Sergeant employed by Defendant Redding Police Department in the City of Redding, County of Shasta. She was the arresting officer in Shasta County Superior Court case entitled *People v. Manivong*.

8. The true names and capacities of Defendants sued herein as DOES 1 through 50, inclusive, whether individual, corporate, associate, or otherwise, are currently unknown to Plaintiff, who

therefore sues said Defendants by such fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes, and thereon alleges, that each of the fictitiously named Defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by their conduct.

## II. JURISDICTION AND VENUE

9. This Court has jurisdiction over the subject matter of this action because the amount in controversy exceeds $35,000, exclusive of interests and costs, thereby conferring unlimited civil jurisdiction upon this Superior Court pursuant to California Code of Civil Procedure Sections 85 and 88.

10. Venue is proper in this Court because the events and omissions giving rise to the claims occurred in the County of Shasta, and Defendants are located and conduct business in the City of Redding, County of Shasta.

## III. STATEMENT OF FACTS

11. At all times relevant herein, Plaintiff was employed by Defendant City as a public employee, hired on January 15, 2018, as a Garbage Truck Driver and promoted to Storm Drains Heavy Equipment Operator—a union position under the I.B.E.W. Local 1245 Memorandum of Understanding (MOU). Plaintiff's employment with the City was pursuant to an employment contract and the collective bargaining agreement (CBA) between the City and I.B.E.W. Local 1245, which specified that Plaintiff would remain employed, subject to termination only for cause or in accordance with the City of Redding's applicable policies and procedures as located in their Policies and Procedures and Conduct and Honesty Policy. The CBA also provided for grievance and arbitration

procedures for disputes, including terminations. Plaintiff was a high-performing employee with strong references and experience across multiple City departments.

12. On or about May 9, 2022, a report was filed with the Redding Police Department alleging sexual crimes by Plaintiff against a minor relative (Redding Police Department Incident No. 22R028551). The report detailed multiple alleged incidents of sexual assault occurring between March 2020 and September 2021, based on statements from the complaining witness.

13. On or about July 12, 2022, a pretext phone call was initiated by the complaining witness ("Kelsey," Plaintiff's wife's 19-year-old niece) at the direction of law enforcement. The call was recorded by Redding Police Department ("RPD"). Plaintiff admitted to a consensual affair ("it takes two") but denied any rape or assault, denied any under the age of 18 sexual contact, expressing frustration, suspicion of recording, and a desire to move past the matter. Defendant Meyer mischaracterized this as an "admission" of sex with an underage female. Defendant City used Meyers' false claim of admission to terminate Plaintiff's employment.

14. On or about August 12, 2022, Plaintiff was arrested in Shasta County by agents of the Redding Police Department in violation of the following Penal Code Sections:

Penal Code Section 261(A)(2) PC F (11055)
Penal Code Section 236 PC F (56016)
Penal Code Section 647.6(A)(1) PC F (36339)
Penal Code Section 647.6 PC M (36077)
Penal Code Section 289(E) PC F (36072)
Penal Code Section 287(F)(2) PC F (36321)
Penal Code Section 287(B)(1) PC F (36298)
Penal Code Section 288.2(A)(1) PC F (37120)
Penal Code Section 236 PC F (56016)
Penal Code Section 287(I) PC F (36317)
Penal Code Section 220(A)(2) PC F (11129)
Penal Code Section 289(A)(1)(A) PC F (11100)

15. On the same day of his arrest, Defendant City placed Plaintiff on paid administrative leave.

16. On the day of Plaintiff's arrest, Defendant Police Department made a public Facebook post announcing Plaintiff's arrest, including details of the charges and a photograph from Plaintiff's driver's license. Nothing in the post stated that Plaintiff was innocent until proven guilty. Instead, Defendant Police Department stated "... the victim... had been sexually assaulted by Manivong for a period of about 1.5 years." Defendant Meyer admitted to making the post during a conversation with Kelsey ("I did that").

17. The Police Department's Facebook post was subsequently republished, quoted, and redistributed via social media, community members, and Action News Now.

18. On or about November 11, 2022, Defendant City issued Plaintiff a notice of intent to terminate his employment by Assistant Public Works Director Ryan Bailey. Grounds cited: (1) arrest for criminal violations discrediting the City; (2) unbecoming conduct; (3) "admission" of sex with an underage female (a gross mischaracterization of the pretext call).

19. In November 2022, a Skelly hearing was conducted by Fire Chief Jerrod Vanlandingham. Plaintiff presented letters of reference, asserted his innocence, and requested a delay pending the criminal trial. Defendant's decision to terminate Plaintiff's employment was upheld without modification.

20. On or about December 28, 2022, Defendant City terminated Plaintiff's employment prior to the end of the specified term of the employment contract and just two weeks before his pension would have vested.

21. Following termination, Plaintiff initiated a grievance process under the CBA. On February 23, 2023, I.B.E.W. Local 1245 requested information from the City to process the

grievance at Step 5. On March 7, 2023, City Manager Barry Tippin denied the grievance but agreed that if advanced to arbitration, the City would stipulate to a continuance until the conclusion of the criminal proceedings (defined as a plea or jury verdict) and that such continuance would not reduce any backpay award if termination was overturned. On March 17, 2023, I.B.E.W. Local 1245 requested to advance to arbitration with the continuance. On March 20, 2023, Tippin confirmed agreement on behalf of the City, and then disregarded this agreement and upheld the termination.

22. On or about June 3, 2025, Plaintiff was acquitted of all charges in the criminal proceeding in Shasta County Superior Court, Case No. 22F01568. The proceeding ended in Plaintiff's favor with a verdict of not guilty on all charges, including special allegations that were dismissed by the judge before jury deliberations.

23. Immediately post-acquittal, Plaintiff sent the verdict to union representative Dominic McCurtain, expecting reinstatement or arbitration. On July 1, 2025, I.B.E.W. Local 1245 formally withdrew the grievance via letter from McCurtain, citing the Pre-Arbitration Review Committee's (PARC) refusal to authorize arbitration and the City's refusal to resolve voluntarily. Following the acquittal, Plaintiff's counsel (Eric Alan Berg) requested arbitration on December 29, 2025, pursuant to the March 2023 agreement, the City's procedures, the CBA, and union contract. However, the City failed to offer or schedule arbitration, and I.B.E.W. Local 1245 failed to pursue it on Plaintiff's behalf.

24. Even after Plaintiff's acquittal, news sources continued to reference the original Police Department post, resulting in ongoing damage to Plaintiff's reputation despite his acquittal. Members of the community expressed hostility and admonishment toward Plaintiff in comments sections of the posts and related articles, including post-acquittal harassment such as a gas station cashier muttering "fucking molester" at Plaintiff in 2024.

25. Defendant Meyer engaged in misconduct, including: pre-arrest preconditioning of Plaintiff's supervisors (including Public Works Director Chuck Aukland, Assistant Director Ryan Bailey, and others) by declaring him guilty and spreading rumors, influencing the termination decision; directing and encouraging Kelsey during the pretext call with giggling, scripting, and leading questions; and posting Plaintiff's driver's license photo and arrest details on Facebook.

26. As a direct and proximate result of Defendants' actions, Plaintiff has suffered harm, including but not limited to difficulty obtaining new employment due to reputational damage from the Facebook post and news articles, damages to reputation, business and credit, extreme mental anguish (including suicidal ideation), physical discomfort, and inconvenience; shame, mortification; family hardship and strain; expenses including attorney fees for defending against the criminal prosecution; lost wages as a result of being terminated by City; loss of benefits and pension contributions (including vesting); reimbursement for criminal defense fees and attorney fees following acquittal; and other damages to be determined. Economic losses exceed $150,000 annually, including vesting and raises under the new MOU.

27. The acts and omissions of Defendants as alleged herein were done maliciously, oppressively, and with the intent to injure Plaintiff, warranting an award of punitive damages where applicable.

28. Plaintiff has complied with the California Government Claims Act by presenting a claim to the City of Redding on December 26, 2025. The claim was deemed late on January 6, 2026, and rejected. Plaintiff thereafter sought leave to present a late claim pursuant to Government Code Section 911.4 et seq., arguing accrual dates tie to the December 28, 2022 termination or June 3, 2025, acquittal (Romano v. Rockwell Internat., Inc. (1996)

14 Cal.4th 479). The application to present the late claim was filed on February 24, 2026 and denied on March 5, 2026.

29. Plaintiff is a member of a protected class under FEHA based on his race (Asian/Laotian).

30. Defendant City maintained a culture of racism, where non-Caucasian employees, including Plaintiff, were subjected to discriminatory treatment. This included being unfairly overlooked for promotions despite seniority-based practices, denied hands-on training (minorities told "you'll figure it out" while Caucasians were shown), routine use of racial slurs like the N-word and other "trigger words," racial jokes and comments behind non-white employees' backs, and termination decisions motivated by racial bias.

31. Plaintiff's termination was racially motivated, as evidenced by the City's pattern of unfair treatment toward non-Caucasian employees, corroborated by statements from other non-Caucasian City employees who experienced similar discrimination in promotions and other employment actions. For example, on February 16, 2026, another employee, EC Chambers (Black), stated he believed he was passed over for a promotion with the City due to his race. Comparators include white employee's Jamie Halter (2013 arrest in sting for meeting minor for sex, convicted but retained job) and Jeff Granberry (faced similar allegations, settled for ~$2.2M). Potential witnesses include past and current non-Caucasian employees.

32. The collective bargaining agreement (CBA) between Defendant City and Defendant I.B.E.W. Local 1245 provided for arbitration of grievances, including termination disputes. Defendant I.B.E.W. Local 1245 breached the CBA by failing to pursue arbitration on Plaintiff's behalf post-acquittal.

33. Plaintiff has exhausted administrative remedies under FEHA by filing a charge with the California Civil Rights Department (CRD) and obtaining a right-to-sue notice.

## FIRST CAUSE OF ACTION

### BREACH OF EMPLOYMENT CONTRACT (AS TO DEFENDANT CITY OF REDDING AND DOES 1-25)

34. Plaintiff incorporates by reference paragraphs 1 through 33 as though fully set forth herein.

35. Plaintiff and Defendant City entered into an employment contract, including under the CBA, that provided for continued employment unless terminated for cause as defined in City's policies and procedures.

36. Plaintiff performed his job duties under the contract.

37. Defendant City breached the employment contract by discharging Plaintiff without cause and failing to honor the arbitration agreement post-acquittal, disregarding City Manager Tippin's agreement to arbitrate.

38. Plaintiff was harmed by the breach, including loss of earnings, benefits, pension contributions, and other economic and noneconomic damages.

39. As a proximate result of Defendant City's breach, Plaintiff has suffered damages in an amount to be proven at trial, but no less than $12,000,000.

## SECOND CAUSE OF ACTION

### WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY (AS TO DEFENDANTS CITY OF REDDING; I.B.E.W. LOCAL 1245; AND DOES 1-25)

40. Plaintiff incorporates by reference paragraphs 1 through 39 as though fully set forth herein.

41. Plaintiff was an employee of Defendant City.

42. Defendant City terminated Plaintiff on December 28, 2022.

43. Plaintiff's arrest and subsequent criminal charges (of which he was later acquitted) were a

substantial motivating reason for Defendant City's decision to discharge Plaintiff, in violation of public policy favoring the presumption of innocence and against discrimination based on unfounded criminal accusations (Cal. Labor Code § 432.7).

44. The City failed to conduct a reasonable investigation into the matter before terminating Plaintiff and failed to follow through with their promise for arbitration, overriding Tippin's agreement to arbitrate.

45. The discharge caused Plaintiff harm, including economic losses (past and future lost earnings, profits, and other economic damages) and noneconomic losses (mental suffering, emotional distress, and shame).

46. Defendant I.B.E.W. Local 1245 was the responsible union retained by workers of the City of Redding to represent employees during the grievance process. I.B.E.W. Local 1245 failed to adhere to representation standards in that they failed to negotiate and represent Plaintiff at grievance hearings and post-acquittal arbitration, withdrawing the grievance on July 1, 2025, leaving him without proper representation.

47. As a proximate result of Defendants' wrongful discharge, Plaintiff has suffered damages in an amount to be proven at trial, but no less than $12,000,000.

**<u>THIRD CAUSE OF ACTION</u>**

**MALICIOUS PROSECUTION (AS TO DEFENDANTS REDDING POLICE DEPARTMENT; LAUREN MEYERS AND DOES 26-50)**

48. Plaintiff incorporates by reference paragraphs 1 through 48 as though fully set forth herein.

49. Defendant Police Department and Defendant Lauren Meyer were actively involved in causing Plaintiff to be arrested and prosecuted, including by filing charges without

probable cause, as evidenced by the improper investigation detailed in Incident No. 22R028551, coaching the complaining witness, and mischaracterizing the pretext call.

50. The criminal proceeding was commenced by or at the direction of Defendants and was pursued to a legal termination favorable to Plaintiff, with an acquittal on all charges.

51. The proceeding was brought without probable cause, as no reasonable attorney would have found the claims tenable given the lack of evidence and investigative misconduct.

52. The proceeding was initiated with malice, as Defendants acted with improper motive, including preconditioning supervisors and publicizing the arrest to humiliate Plaintiff.

53. Plaintiff was harmed, including by lost liberty, imprisonment, damage to reputation, and emotional distress.

54. Defendants' conduct was a substantial factor in causing Plaintiff's harm.

55. As a proximate result of Defendants' malicious prosecution, Plaintiff has suffered damages in an amount to be proven at trial, but no less than $12,000,000.

**FOURTH CAUSE OF ACTION**

**DEFAMATION PER SE (AS TO DEFENDANTS REDDING POLICE DEPARTMENT; REGAN ORTEGA; JON SHELDON; LAUREN MEYER AND DOES 26-50)**

56. Plaintiff incorporates by reference paragraphs 1 through 56 as though fully set forth herein.

57. Defendants Police Department, Regan Ortega, Jon Sheldon, and Lauren Meyer made defamatory statements to persons other than Plaintiff, including the public Facebook post announcing Plaintiff's arrest and charges, saying that Plaintiff had committed a crime, and preconditioning supervisors by declaring Plaintiff guilty pre-arrest. These statements were published, false, defamatory, unprivileged, and had a natural tendency to injure.

58. These persons reasonably understood the statements to be about Plaintiff, as it showed his

full name and was posted with his driver's license photo.

59. These persons reasonably understood the statements to mean that Plaintiff had committed a crime, as their comments on the post were hostile.

60. Defendants Police Department, Regan Ortega, Jon Sheldon, and Lauren Meyer failed to use reasonable care to determine the truth or falsity of their statements.

61. The statements were a substantial factor in causing harm to Plaintiff's personal property, occupation; expenses paid as a result of the statements; harm to reputation; and shame, mortification, or hurt feelings.

62. Even without proof of actual damages, the law assumes harm to reputation and emotional distress, entitling Plaintiff to reasonable compensation, including at least nominal damages.

63. Defendants Police Department, Regan Ortega, Jon Sheldon, and Lauren Meyer acted with malice and oppression, warranting punitive damages.

64. As a proximate result of Defendants' defamation, Plaintiff has suffered damages in an amount to be proven at trial, but no less than $12,000,000.

## FIFTH CAUSE OF ACTION

## RACIAL DISCRIMINATION IN VIOLATION OF FEHA (GOV. CODE § 12940) (AS TO DEFENDANT CITY OF REDDING AND DOES 1-25)

65. Plaintiff incorporates by reference paragraphs 1 through 64 as though fully set forth herein.

66. Plaintiff is a member of a protected class based on his race (Asian/Laotian).

67. Plaintiff was qualified for his position as a heavy equipment operator and performed his job duties competently.

68. Defendant City subjected Plaintiff to an adverse employment action by terminating his employment and violated City's agreement to arbitrate.

69. Plaintiff's race was a substantial motivating factor in Defendant City's decision to terminate him, as evidenced by the City's culture of racism and pattern of discriminating against non-Caucasian employees in promotions and terminations, including disparate treatment in training and use of racial slurs.

70. Defendant City failed to prevent or remedy the racial discrimination.

71. As a result, Plaintiff suffered harm, including lost wages, benefits, pension, emotional distress, and other damages.

72. As a proximate result of Defendant City's discrimination, Plaintiff has suffered damages in an amount to be proven at trial, but no less than $12,000,000.

**<u>SIXTH CAUSE OF ACTION</u>**

**BREACH OF CONTRACT (AS TO DEFENDANT I.B.E.W. LOCAL 1245 AND DOES 26-50)**

73. Plaintiff incorporates by reference paragraphs 1 through 72 as though fully set forth herein.

74. Plaintiff and Defendant I.B.E.W. Local 1245 were parties to a contract, including the CBA and union bylaws, which required the union to provide representation in grievances and arbitrations.

75. Plaintiff performed under the contract by being a member in good standing and requesting representation.

76. Defendant I.B.E.W. Local 1245 breached the contract by failing to pursue arbitration post-acquittal, withdrawing the grievance on July 1, 2025, and failing to represent Plaintiff adequately.

77. As a result, Plaintiff suffered damages, including lost wages, benefits, pension, and emotional distress.

78. As a proximate result of Defendant I.B.E.W. Local 1245's breach, Plaintiff has suffered damages in an amount to be proven at trial, but no less than $12,000,000.

## SEVENTH CAUSE OF ACTION

### VIOLATION OF DUE PROCESS (42 U.S.C. § 1983) (AS TO DEFENDANT CITY OF REDDING; LAUREN MEYER AND DOES 1-25)

79. Plaintiff incorporates paragraphs 1 through 78 as though fully set forth herein.

80. Defendants Police Department, Regan Ortega, Jon Sheldon, and Lauren Meyer made defamatory statements to persons other than Plaintiff, including the public Facebook post announcing Plaintiff's arrest and charges, saying that Plaintiff had committed a crime, and preconditioning supervisors by declaring Plaintiff guilty before his arrest. These statements were published, false, defamatory, unprivileged, and had a natural tendency to injure.

81. These persons reasonably understood the statements to be about Plaintiff, as it showed his full name and was posted with a large photo of him.

82. These persons reasonably understood the statements to mean that Plaintiff had committed a crime, as their comments on the post were hostile.

83. Defendants Police Department, Regan Ortega, Jon Sheldon, and Lauren Meyer failed to use reasonable care to determine the truth or falsity of their statements.

84. The statements were a substantial factor in causing harm to Plaintiff's personal property, occupation; expenses paid as a result of the statements; harm to reputation; and shame, mortification, or hurt feelings.

85. Even without proof of actual damages, the law assumes harm to reputation and emotional distress, entitling Plaintiff to reasonable compensation, including at least nominal damages.

86. Defendants Police Department, Regan Ortega, Jon Sheldon, and Lauren Meyer acted with malice and oppression, warranting punitive damages.

87. As a proximate result of Defendants' defamation, Plaintiff has suffered damages in an amount to be proven at trial, but no less than $12,000,000.

**EIGHTH CAUSE OF ACTION**

**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (AS TO ALL DEFENDANTS)**

88. Plaintiff incorporates by reference paragraphs 1 through 87 as though fully set forth herein.

89. Defendants' outrageous conduct, including baseless prosecution, defamation, racial discrimination, and breach of agreements, was intended to cause or recklessly disregarded the probability of causing emotional distress.

90. Plaintiff suffered severe emotional distress, including suicidal ideation and family strain.

91. Defendants failed to do a reasonable investigation as to the truth of the allegations which led and suggested to the accuser that she make false allegations.

92. Defendants' conduct was a substantial factor in causing Plaintiff's harm.

93. As a proximate result of Defendants' actions, Plaintiff has suffered damages in an amount to be proven at trial, but no less than $12,000,000.

**NINTH CAUSE OF ACTION**

**VIOLATION OF LABOR CODE § 432.7 (AS TO DEFENDANT CITY OF REDDING AND DOES 1-25)**

94. Plaintiff incorporates by reference paragraphs 1 through 93 as though fully set forth herein.

95. Defendant City, as an employer, used Plaintiff's arrest records that did not result in conviction as a basis for termination, in violation of Labor Code § 432.7(a)(1).

96. The violation occurred when the City terminated Plaintiff based on the arrest, and continued post-acquittal by refusing reinstatement or arbitration.

97. As a result, Plaintiff suffered harm, including lost wages, benefits, and emotional distress.

98. As a proximate result of Defendant City's violation, Plaintiff has suffered damages in an amount to be proven at trial, but no less than $12,000,000.

## PRAYER FOR RELIEF

IN LIGHT OF THE FOREGOING, Plaintiff prays for judgement as follows:

1. Compensatory damages in an amount no less than $12,000,000;
2. Punitive damages in an amount to be determined at trial;
3. Reasonable attorney fees, including attorney's fees for Plaintiff's criminal defense and fees incurred to prosecute this action;
4. Costs of suit herein incurred; and
5. Such other and further relief as the Court deems just and proper.

Respectfully submitted this 23rd day of April 2026.

**THE LAW OFFICES OF BERG & ASSOCIATES, INC.**

Eric Alan Berg
Attorney for Plaintiff
**PHETAKHOM TU MANIVONG**

# Exhibit D

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY: STATE BAR NO: [121195] | FOR COURT USE ONLY |
|---|---|
| NAME: Eric Alan Berg [121195] / Daniel S. Henderson [345010]<br>FIRM NAME: The Law Offices of Eric Alan Berg & Associates, Inc.<br>STREET ADDRESS: 1361 Esplanade<br>CITY: Chico STATE: CA ZIP CODE: 95926<br>TELEPHONE NO.: (530)223-5100 FAX NO.: (530)223-5200<br>E-MAIL ADDRESS: info@bergslaw.com<br>ATTORNEY FOR (*Name*): PHETAKHOM TU MANIVONG | |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF** SHASTA<br>STREET ADDRESS: 1515 Court Street<br>MAILING ADDRESS: 1515 Court Stret<br>CITY AND ZIP CODE: Redding 96001<br>BRANCH NAME: | |
| Plaintiff/Petitioner: Phetakhom Tu Manivong<br>Defendant/Respondent: City or Redding, et al, and DOES 1-50 | |
| **NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL** | CASE NUMBER:<br>209517 |

TO *(insert name of party being served)*: City of Redding

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: May 13, 2026

Pieter Lagana
(TYPE OR PRINT NAME)

[signature]
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of ***(to be completed by sender before mailing):***

1. ☐ A copy of the summons and of the complaint.
2. ☒ Other *(specify)*: Amended Complaint

***(To be completed by recipient):***

Date this form is signed: May 14, 2026

Tyler J. Sherman, Esq. for Defendant City of Redding
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY, ON WHOSE BEHALF THIS FORM IS SIGNED)

[signature]
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)



Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Code of Civil Procedure, §§ 415.30, 417.10
*www.courtinfo.ca.gov*

**For your protection and privacy, please press the Clear This Form button after you have printed the form.**

Print this form | Save this form | Clear this form

**POS-015**

ATTORNEY OR PARTY WITHOUT ATTORNEY: STATE BAR NO: [121195]
NAME: Eric Alan Berg [121195] / Daniel S. Henderson [345010]
FIRM NAME: The Law Offices of Eric Alan Berg & Associates, Inc.
STREET ADDRESS: 1361 Esplanade
CITY: Chico STATE: CA ZIP CODE: 95926
TELEPHONE NO.: (530)223-5100 FAX NO.: (530)223-5200
E-MAIL ADDRESS: info@bergslaw.com
ATTORNEY FOR (Name): PHETAKHOM TU MANIVONG

*FOR COURT USE ONLY*

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** SHASTA
STREET ADDRESS: 1515 Court Street
MAILING ADDRESS: 1515 Court Stret
CITY AND ZIP CODE: Redding 96001
BRANCH NAME:

Plaintiff/Petitioner: Phetakhom Tu Manivong
Defendant/Respondent: City or Redding, et al, and DOES 1-50

## NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL

CASE NUMBER: 209517

TO *(insert name of party being served)*: Jon Sheldon

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: May 13, 2026

Pieter Lagana
(TYPE OR PRINT NAME)

▶ [signature]
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of ***(to be completed by sender before mailing)*:**

1. ☐ A copy of the summons and of the complaint.
2. ☒ Other *(specify)*: Amended Complaint

***(To be completed by recipient)*:**

Date this form is signed: May 14, 2026

Tyler J. Sherman, Esq. for Defendant Jon Sheldon
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY, ON WHOSE BEHALF THIS FORM IS SIGNED)

▶ [signature]
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)



Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Code of Civil Procedure, §§ 415.30, 417.10
*www.courtinfo.ca.gov*

**For your protection and privacy, please press the Clear This Form button after you have printed the form.**

Print this form | Save this form | Clear this form

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY: STATE BAR NO: [121195] | FOR COURT USE ONLY |
|---|---|
| NAME: Eric Alan Berg [121195] / Daniel S. Henderson [345010]<br>FIRM NAME: The Law Offices of Eric Alan Berg & Associates, Inc.<br>STREET ADDRESS: 1361 Esplanade<br>CITY: Chico STATE: CA ZIP CODE: 95926<br>TELEPHONE NO.: (530)223-5100 FAX NO.: (530)223-5200<br>E-MAIL ADDRESS: info@bergslaw.com<br>ATTORNEY FOR (*Name*): PHETAKHOM TU MANIVONG | |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF** SHASTA<br>STREET ADDRESS: 1515 Court Street<br>MAILING ADDRESS: 1515 Court Stret<br>CITY AND ZIP CODE: Redding 96001<br>BRANCH NAME: | |
| Plaintiff/Petitioner: Phetakhom Tu Manivong<br>Defendant/Respondent: City or Redding, et al, and DOES 1-50 | |
| **NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL** | CASE NUMBER:<br>209517 |

TO *(insert name of party being served):* Lauren Meyers

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: May 13, 2026

Pieter Lagacy
(TYPE OR PRINT NAME)

▶ [signature]
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of ***(to be completed by sender before mailing):***

1. ☐ A copy of the summons and of the complaint.
2. ☒ Other *(specify):* Amended Complaint

***(To be completed by recipient):***

Date this form is signed: May 14, 2026

Tyler J. Sherman, Esq. for Defendant Lauren Meyers
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY, ON WHOSE BEHALF THIS FORM IS SIGNED)

▶ [signature]
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)





**For your protection and privacy, please press the Clear This Form button after you have printed the form.**

**Print this form** **Save this form** **Clear this form**

POS-015

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY: STATE BAR NO: [121195]<br>NAME: Eric Alan Berg [121195] / Daniel S. Henderson [345010]<br>FIRM NAME: The Law Offices of Eric Alan Berg & Associates, Inc.<br>STREET ADDRESS: 1361 Esplanade<br>CITY: Chico STATE: CA ZIP CODE: 95926<br>TELEPHONE NO.: (530)223-5100 FAX NO.: (530)223-5200<br>E-MAIL ADDRESS: info@bergslaw.com<br>ATTORNEY FOR (*Name*): PHETAKHOM TU MANIVONG | ***FOR COURT USE ONLY*** |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF** SHASTA<br>STREET ADDRESS: 1515 Court Street<br>MAILING ADDRESS: 1515 Court Stret<br>CITY AND ZIP CODE: Redding 96001<br>BRANCH NAME: | |
| Plaintiff/Petitioner: Phetakhom Tu Manivong<br>Defendant/Respondent: City or Redding, et al, and DOES 1-50 | |
| **NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL** | CASE NUMBER:<br>209517 |

TO *(insert name of party being served):* Redding Police Department

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: May 13, 2026

Pieter Lagan
(TYPE OR PRINT NAME)

▶ [signature]
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of ***(to be completed by sender before mailing):***

1. ☐ A copy of the summons and of the complaint.
2. ☒ Other *(specify):* Amended Complaint

***(To be completed by recipient):***

Date this form is signed: May 14, 2026

Tyler J. Sherman, Esq. for Defendant Redding Police Dept.
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY, ON WHOSE BEHALF THIS FORM IS SIGNED)

▶ [signature]
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)



Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Code of Civil Procedure, §§ 415.30, 417.10
*www.courtinfo.ca.gov*

**For your protection and privacy, please press the Clear This Form button after you have printed the form.**

Print this form | Save this form | Clear this form

**POS-015**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY: STATE BAR NO: [121195]<br>NAME: Eric Alan Berg [121195] / Daniel S. Henderson [345010]<br>FIRM NAME: The Law Offices of Eric Alan Berg & Associates, Inc.<br>STREET ADDRESS: 1361 Esplanade<br>CITY: Chico STATE: CA ZIP CODE: 95926<br>TELEPHONE NO.: (530)223-5100 FAX NO.: (530)223-5200<br>E-MAIL ADDRESS: info@bergslaw.com<br>ATTORNEY FOR *(Name)*: PHETAKHOM TU MANIVONG | ***FOR COURT USE ONLY*** |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF** SHASTA<br>STREET ADDRESS: 1515 Court Street<br>MAILING ADDRESS: 1515 Court Stret<br>CITY AND ZIP CODE: Redding 96001<br>BRANCH NAME: | |
| Plaintiff/Petitioner: Phetakhom Tu Manivong<br>Defendant/Respondent: City or Redding, et al, and DOES 1-50 | |
| **NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL** | CASE NUMBER:<br>209517 |

TO *(insert name of party being served)*: Regan Ortega

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: May 13, 2026

Pieter Lagaay
(TYPE OR PRINT NAME)

▶ [signature]
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of ***(to be completed by sender before mailing):***

1. ☐ A copy of the summons and of the complaint.
2. ☒ Other *(specify)*: Amended Complaint

***(To be completed by recipient):***

Date this form is signed: May 14, 2026

Tyler J. Sherman, Esq. for Defendant Regan Ortega
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY, ON WHOSE BEHALF THIS FORM IS SIGNED)

▶ [signature]
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)



**For your protection and privacy, please press the Clear This Form button after you have printed the form.**

Print this form | Save this form | Clear this form