RONALD J. SCHOLAR, Bar No. 187948
rscholar@colehuber.com
TYLER J. SHERMAN, Bar No. 343567
tsherman@colehuber.com
COLE HUBER LLP
2281 Lava Ridge Court, Suite 300
Roseville, California 95661
Telephone: (916) 780-9009
Facsimile: (916) 780-9050

Attorneys for Defendants CITY OF REDDING, LAUREN MEYERS, REGAN ORTEGA, JON SHELDON, REDDING POLICE DEPARTMENT

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHETAKHOM TU MANIVONG,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF REDDING; LAUREN MEYERS; REGAN ORTEGA; JON SHELDON; REDDING POLICE DEPARTMENT; 1.B.E.W 1245 AND DOES 1 THROUGH 50, INCLUSIVE,<br><br>Defendant. | Case No. 2:26-cv-01900-TLN-DMC<br><br>**DEFENDANTS CITY OF REDDING, LAUREN MEYERS, REGAN ORTEGA, JON SHELDON AND REDDING POLICE DEPARTMENTS' ANSWER TO FIRST AMENDED COMPLAINT FOR DAMAGES**<br><br>**Removal from Shasta Co. Superior Court Case No. 209517 / Filed: 12/29/2025** |

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendants CITY OF REDDING, LAUREN MEYERS, REGAN ORTEGA, JON SHELDON AND REDDING POLICE DEPARTMENT ("Defendants") answer the First Amended Complaint of Plaintiff ("Plaintiff"). If an averment is not specifically admitted, it is hereby denied.

**ANSWER TO COMPLAINT**

**PARTIES**

1. Answering Paragraph 1, Defendants admit the factual allegations therein.

2. Answering Paragraph 2, Defendants admit the factual allegations therein.

3. Answering Paragraph 3, Defendants admit the factual allegations therein.

4. Answering Paragraph 4, Defendants admit that Regan Ortega is employed by the Redding Police Department. Defendants deny each and every other allegation contained in the paragraph.

5. Answering Paragraph 5, Defendants admit that Jon Sheldon is employed by the Redding Police Department. Defendants deny each and every other allegation contained in the paragraph.

6. Answering Paragraph 6, Defendants admit the factual allegations therein.

7. Answering Paragraph 7, Defendants admit that Defendant Lauren Meyer is employed by the Redding Police Department and was the arresting officer in *People v. Manivong*. Defendants deny each and every other allegation contained in the paragraph.

8. Answering Paragraph 8, Defendants lack sufficient information or belief to form a belief as to the truth of the allegations, and on that basis denies each and every allegation therein.

**JURISDICTION AND VENUE**

9. Answering Paragraph 9, Defendants admit that the United States District Court for the Eastern District of California has jurisdiction over this action.

10. Answering Paragraph 10, Defendants admit the factual allegations therein.

**STATEMENT OF FACTS**

11. Answering Paragraph 11, Defendants admit Plaintiff was employed by the City of Redding as a Storm Drains Equipment Operator, which was a union position under I.B.E.W. Local

COLE HUBER LLP
2281 LAVA RIDGE COURT, SUITE 300
ROSEVILLE, CALIFORNIA 95661

COLE HUBER LLP
2281 LAVA RIDGE COURT, SUITE 300
ROSEVILLE, CALIFORNIA 95661

1245, and that Plaintiff's was a contractual position subject to a collective bargaining agreement. Defendants admit that Plaintiff was subject to termination for cause and in accordance with the City of Redding's applicable policies and procedures as located in their Policies and Procedures and Conduct and Honesty Policy. Defendants admit that the collective bargaining agreement included grievance and arbitration procedures for certain disputes, including terminations. Defendants deny that Plaintiff was a "high-performing employee with strong references and experience across multiple City departments." Defendants deny that Plaintiff was employed as a Heavy Equipment Operator.

12. Answering Paragraph 12, Defendants admit the factual allegations therein.

13. Answering Paragraph 12, Defendants deny each and every allegation contained therein.

14. Answering Paragraph 14, Defendants admit the factual allegations therein.

15. Answering Paragraph 15, Defendants admit the factual allegations therein.

16. Answering Paragraph 16 Defendants each and every other allegation contained in therein.

17. Answering Paragraph 17, Defendants lack sufficient information or belief to form a belief as to the truth of the allegations therein, and on that basis denies them.

18. Answering Paragraph 18, Defendants admit that on or about November 11, 2022, the City issued Plaintiff a notice of intent to terminate his employment by Assistant Public Works Director Ryan Bailey for (1) arrest for criminal violations discrediting the City; (2) unbecoming conduct; and (3) admission of sex with an underage female. Defendants deny each and every other allegation contained in the paragraph.

19. Answering Paragraph 19, Defendants admit the factual allegations therein.

20. Answering Paragraph 20, Defendants admit that Plaintiff was terminated. Defendants lack sufficient information or belief to form a belief as to the truth of the remaining allegations therein, and on that basis denies them.

21. Answering Paragraph 21, Defendants admit that, following his termination, Plaintiff initiated a grievance process under the collective bargaining agreement. Defendants admit that,

COLE HUBER LLP
2281 LAVA RIDGE COURT, SUITE 300
ROSEVILLE, CALIFORNIA 95661

around February 23, 2023, I.B.E.W. Local 1245 requested information from the City of Redding to process the grievance, and that around March 7, 2023, City Manager Barry Tippin denied the grievance but agreed that if advanced to arbitration, the City would stipulate to a continuance until the conclusion of the criminal proceedings. Defendants admit that around March 17, 2023, I.B.E.W. Local 1245 requested to advance to arbitration with the continuance. Defendants deny each and every other allegation contained in the paragraph.

22. Answering Paragraph 22, Defendants admit the factual allegations therein.

23. Answering Paragraph 23, Defendants admit that Plaintiff's counsel requested arbitration. Defendants lack sufficient information or belief to form a belief as to the truth of the remaining allegations therein, and on that basis denies them.

24. Answering Paragraph 24, Defendants lack sufficient information or belief to form a belief as to the truth of the allegations therein, and on that basis denies them.

25. Answering Paragraph 25, Defendants deny each and every allegation contained therein.

26. Answering Paragraph 26, Defendants deny each and every allegation contained therein.

27. Answering Paragraph 27, Defendants deny each and every allegation contained therein.

28. Answering Paragraph 28, Defendants deny each and every allegation contained therein.

29. Answering Paragraph 29, Defendants lack sufficient information or belief to form a belief as to the truth of the allegations therein, and on that basis denies them.

30. Answering Paragraph 30, Defendants deny each and every allegation contained therein.

31. Answering Paragraph 31, Defendants deny each and every allegation contained therein.

/ / /

/ / /

32. Answering Paragraph 32, Defendants admit that the collective bargaining agreement provided for arbitration of grievances. Defendants lack sufficient information or belief to form a belief as to the truth of the remaining allegations therein, and on that basis denies them.

33. Answering Paragraph 33, Defendants lack sufficient information or belief to form a belief as to the truth of the allegations therein, and on that basis denies them.

**FIRST CAUSE OF ACTION**

**BREACH OF EMPLOYMENT CONTRACT**

**(AS TO DEFENDANT CITY OF REDDING AND DOES 1-25)**

34. Answering Paragraph 34, the paragraph contains no factual allegations, but instead incorporates by reference the allegations contained in the preceding paragraphs. In response, Defendants incorporate by this reference its responses to each corresponding allegation above. To the extent a response is required, Defendants deny each and every allegation in this paragraph.

35. Answering Paragraph 35, Defendants admit that the City of Redding and Plaintiff entered into an employment contract providing for termination for cause. The remainder the paragraph contains no material factual allegations but only legal conclusions that do not require a response from Defendants. To the extent the remainder of the paragraph is read to contain some factual allegation requiring a response, Defendants deny each and every such allegation.

36. Answering Paragraph 36, Defendants deny each and every allegation contained therein.

37. Answering Paragraph 37, Defendants deny each and every allegation contained therein.

38. Answering Paragraph 38, Defendants deny each and every allegation contained therein.

39. Answering Paragraph 39, Defendants deny each and every allegation contained therein.

/ / /

/ / /

/ / /

COLE HUBER LLP
2281 LAVA RIDGE COURT, SUITE 300
ROSEVILLE, CALIFORNIA 95661

COLE HUBER LLP
2281 LAVA RIDGE COURT, SUITE 300
ROSEVILLE, CALIFORNIA 95661

**SECOND CAUSE OF ACTION**

**WRONGUL DISCHARGE IN VIOLATION OF PUBLIC POLICY (AS TO DEFENDANT CITY OF REDDING, I.B.E.W. LOCAL 1245, AND DOES 1-25)**

40. Answering Paragraph 40, the paragraph contains no factual allegations, but instead incorporates by reference the allegations contained in the preceding paragraphs. In response, Defendants incorporate by this reference its responses to each corresponding allegation above. To the extent a response is required, Defendants deny each and every allegation in this paragraph.

41. Answering Paragraph 41, Defendants admit the factual allegations therein.

42. Answering Paragraph 42, Defendants admit the factual allegations therein.

43. Answering Paragraph 43, Defendants deny each and every allegation contained therein.

44. Answering Paragraph 44, Defendants deny each and every allegation contained therein.

45. Answering Paragraph 45, Defendants deny each and every allegation contained therein.

46. Answering Paragraph 46, Defendants admit that I.B.E.W. Local 1245 was the union to which Plaintiff belonged as an employee of the City of Redding. Defendants deny each and every other allegation contained in the paragraph.

47. Answering Paragraph 47, Defendants deny each and every allegation contained therein.

**THIRD CAUSE OF ACTION**

**MALICIOUS PROSECUTION (AS TO DEFENDANTS REDDING POLICE DEPARTMENT; LAUREN MEYERS AND DOES 26-50)**

48. Answering Paragraph 48, the paragraph contains no factual allegations, but instead incorporates by reference the allegations contained in the preceding paragraphs. In response, Defendants incorporate by this reference its responses to each corresponding allegation above. To the extent a response is required, Defendants deny each and every allegation in this paragraph.

/ / /

49. Answering Paragraph 49, Defendants deny each and every allegation contained therein.

50. Answering Paragraph 50, Defendants deny each and every allegation contained therein.

51. Answering Paragraph 51, Defendants deny each and every allegation contained therein.

52. Answering Paragraph 52, Defendants deny each and every allegation contained therein.

53. Answering Paragraph 53, Defendants deny each and every allegation contained therein.

54. Answering Paragraph 54, Defendants deny each and every allegation contained therein.

55. Answering Paragraph 55, Defendants deny each and every allegation contained therein.

## FOURTH CAUSE OF ACTION

**DEFAMATION PER SE (AS TO DEFENDANTS REDDING POLICE DEPARTMENT; REGAN ORTEGA; JON SHELDON; LAUREN MEYER AND DOES 26-50)**

56. Answering Paragraph 48, the paragraph contains no factual allegations, but instead incorporates by reference the allegations contained in the preceding paragraphs. In response, Defendants incorporate by this reference its responses to each corresponding allegation above. To the extent a response is required, Defendants deny each and every allegation in this paragraph.

57. Answering Paragraph 57, Defendants deny each and every allegation contained therein.

58. Answering Paragraph 58, Defendants deny each and every allegation contained therein.

59. Answering Paragraph 59, Defendants lack sufficient information or belief to form a belief as to the truth of the allegations, and on that basis denies each and every allegation therein.

/ / /

COLE HUBER LLP
2281 LAVA RIDGE COURT, SUITE 300
ROSEVILLE, CALIFORNIA 95661

COLE HUBER LLP
2281 LAVA RIDGE COURT, SUITE 300
ROSEVILLE, CALIFORNIA 95661

60. Answering Paragraph 60, Defendants deny each and every allegation contained therein.

61. Answering Paragraph 61, Defendants deny each and every allegation contained therein.

62. Answering Paragraph 62, the paragraph contains no material factual allegations but instead only legal conclusions and explication that do not require a response from Defendants. To the extent the paragraph is read to contain some factual allegation requiring a response from Defendants, Defendants deny each and every such allegation.

63. Answering Paragraph 63, Defendants deny each and every allegation contained therein.

64. Answering Paragraph 64, Defendants deny each and every allegation contained therein.

**FIFTH CAUSE OF ACTION**

**RACIAL DISCRIMINATION IN VIOLATION OF FEHA (GOV. CODE § 12940)**

**(AS TO DEFENDANT CITY OF REDDING AND DOES 1-25)**

65. Answering Paragraph 65, the paragraph contains no factual allegations, but instead incorporates by reference the allegations contained in the preceding paragraphs. In response, Defendants incorporate by this reference its responses to each corresponding allegation above. To the extent a response is required, Defendants deny each and every allegation in this paragraph.

66. Answering Paragraph 66, Defendants lack sufficient information or belief to form a belief as to the truth of the allegations, and on that basis denies each and every allegation therein.

67. Answering Paragraph 67, Defendants deny each and every allegation contained therein.

68. Answering Paragraph 68, Defendants deny each and every allegation contained therein.

69. Answering Paragraph 69, Defendants deny each and every allegation contained therein.

/ / /

COLE HUBER LLP
2281 LAVA RIDGE COURT, SUITE 300
ROSEVILLE, CALIFORNIA 95661

70. Answering Paragraph 70, Defendants deny each and every allegation contained therein.

71. Answering Paragraph 71, Defendants deny each and every allegation contained therein.

72. Answering Paragraph 72, Defendants deny each and every allegation contained therein.

**SIXTH CAUSE OF ACTION**

**BREACH OF CONTRACT**

**(AS TO DEFENDANT I.B.E.W. LOCAL 1245 AND DOES 26-50)**

73. Answering Paragraph 73, the paragraph contains no factual allegations, but instead incorporates by reference the allegations contained in the preceding paragraphs. In response, Defendants incorporate by this reference its responses to each corresponding allegation above. To the extent a response is required, Defendants deny each and every allegation in this paragraph.

74. Answering Paragraph 74, Defendants deny each and every allegation contained therein.

75. Answering Paragraph 75, Defendants deny each and every allegation contained therein.

76. Answering Paragraph 76, Defendants deny each and every allegation contained therein.

77. Answering Paragraph 77, Defendants deny each and every allegation contained therein.

**SEVENTH CAUSE OF ACTION**

**VIOLATION OF DUE PROCESS (42 U.S.C. § 1983)**

**(AS TO DEFENDANT CITY OF REDDING; LAUREN MEYER AND DOES 1-25)**

78. Answering Paragraph 78, the paragraph contains no factual allegations, but instead incorporates by reference the allegations contained in the preceding paragraphs. In response, Defendants incorporate by this reference its responses to each corresponding allegation above. To the extent a response is required, Defendants deny each and every allegation in this paragraph.

COLE HUBER LLP
2281 LAVA RIDGE COURT, SUITE 300
ROSEVILLE, CALIFORNIA 95661

79. Answering Paragraph 79, Defendants deny each and every allegation contained therein.

80. Answering Paragraph 80, Defendants deny each and every allegation contained therein.

81. Answering Paragraph 81, Defendants deny each and every allegation contained therein.

82. Answering Paragraph 82, Defendants deny each and every allegation contained therein.

83. Answering Paragraph 83, Defendants deny each and every allegation contained therein.

84. Answering Paragraph 84, Defendants deny each and every allegation contained therein.

85. Answering Paragraph 85, Defendants deny each and every allegation contained therein.

86. Answering Paragraph 86, Defendants deny each and every allegation contained therein.

87. Answering Paragraph 87, Defendants deny each and every allegation contained therein.

## EIGHTH CAUSE OF ACTION

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

## (AS TO ALL DEFENDANTS)

88. Answering Paragraph 88, the paragraph contains no factual allegations, but instead incorporates by reference the allegations contained in the preceding paragraphs. In response, Defendants incorporate by this reference its responses to each corresponding allegation above. To the extent a response is required, Defendants deny each and every allegation in this paragraph.

89. Answering Paragraph 89, Defendants deny each and every allegation contained therein.

/ / /

90. Answering Paragraph 90, Defendants deny each and every allegation contained therein.

91. Answering Paragraph 91, Defendants deny each and every allegation contained therein.

92. Answering Paragraph 92, Defendants deny each and every allegation contained therein.

93. Answering Paragraph 93, Defendants deny each and every allegation contained therein.

**NINTH CAUSE OF ACTION**

**VIOLATION OF LABOR CODE § 432.7**

**(AS TO DEFENDANT CITY OF REDDING AND DOES 1-25)**

94. Answering Paragraph 88, the paragraph contains no factual allegations, but instead incorporates by reference the allegations contained in the preceding paragraphs. In response, Defendants incorporate by this reference its responses to each corresponding allegation above. To the extent a response is required, Defendants deny each and every allegation in this paragraph.

95. Answering Paragraph 95, Defendants deny each and every allegation contained therein.

96. Answering Paragraph 96, Defendants deny each and every allegation contained therein.

97. Answering Paragraph 97, Defendants deny each and every allegation contained therein.

98. Answering Paragraph 98, Defendants deny each and every allegation contained therein.

**AFFIRMATIVE DEFENSES**

Defendants plead the following separate defenses. Defendants reserve the right to assert additional affirmative defenses that discovery indicates are proper.

/ / /

/ / /

COLE HUBER LLP
2281 LAVA RIDGE COURT, SUITE 300
ROSEVILLE, CALIFORNIA 95661

COLE HUBER LLP
2281 LAVA RIDGE COURT, SUITE 300
ROSEVILLE, CALIFORNIA 95661

**FIRST AFFIRMATIVE DEFENSE**

**(Qualified Immunity)**

1. As a separate and first affirmative defense to the Complaint and each purported federal claim for relief contained therein against them, Defendants each allege that they are entitled to qualified immunity.

**SECOND AFFIRMATIVE DEFENSE**

**(Failure to Comply with Government Claims Act)**

2. As a separate and second affirmative defense, Defendants allege that Plaintiffs' claims arising under California state law are barred by California Government Code section 945.4 because Plaintiffs did not timely present a claim under the California Government Claims Act.

**THIRD AFFIRMATIVE DEFENSE**

**(Arbitration Clause)**

3. As a separate and third affirmative defense to the First Amended Complaint and each purported cause of action contained therein, Defendants allege that to the extent Plaintiff is relying upon any contracts attached as exhibits to his First Amended Complaint for his claims, such claims appear to be subject to an arbitration clause.

**FOURTH AFFIRMATIVE DEFENSE**

**(Breach of Contract)**

4. As a separate and fourth affirmative defense to the First Amended Complaint and each purported cause of action contained therein, Defendants allege that any obligations owed by them under any alleged contract were excused by Plaintiff's breach of the alleged contract.

**FIFTH AFFIRMATIVE DEFENSE**

**(Failure of Condition Precedent)**

5. As a separate and fifth affirmative defense to the First Amended Complaint and each purported cause of action contained therein, Defendants allege that Plaintiff's causes of action are barred by Plaintiff's failure to perform all conditions precedent to Plaintiff's purported right to recover.

/ / /

COLE HUBER LLP
2281 LAVA RIDGE COURT, SUITE 300
ROSEVILLE, CALIFORNIA 95661

**SIXTH AFFIRMATIVE DEFENSE**

**(Failure of Condition Subsequent)**

6. As a separate and sixth affirmative defense to the First Amended Complaint and each purported cause of action contained therein, Defendants allege that Plaintiff's causes of action are barred by Plaintiff's failure to perform all conditions subsequent to Plaintiff's purported right to recover.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Failure of Condition)**

7. As a separate and seventh affirmative defense to the First Amended Complaint and each purported cause of action contained therein, Defendants allege that by virtue of the acts of the Plaintiff, and/or the persons and/or entities acting on his behalf, Plaintiff is barred from prosecuting the purported causes of action set forth in the First Amended Complaint because of a failure of the Plaintiff, and/or the persons and/or entities acting on his behalf, to perform all or any conditions, whether precedent, concurrent and/or subsequent, covenants, and/or promises on their part to be performed as between the parties herein.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Failure of Consideration)**

8. As a separate and eighth affirmative defense to the First Amended Complaint and each purported cause of action contained therein, Defendants allege that any performance due by the Defendants under any contract alleged in the First Amended Complaint was excused by failure of consideration.

**NINTH AFFIRMATIVE DEFENSE**

**(Failure to Exhaust Administrative Remedies)**

9. As a separate and ninth affirmative defense to the First Amended Complaint and each purported cause of action contained therein, Defendants allege that Plaintiff's claims are barred because Plaintiff failed to exhaust his administrative remedies.

/ / /

/ / /

COLE HUBER LLP
2281 LAVA RIDGE COURT, SUITE 300
ROSEVILLE, CALIFORNIA 95661

**TENTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

10. As a separate and tenth affirmative defense to the First Amended Complaint and each purported cause of action contained therein, Defendants allege that Plaintiff's claims, if any, are barred for his failure, and/or the failure of the persons and/or entities acting on his behalf, to mitigate any purported damages.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Claims Barred by Cal. Govt Code § 815)**

11. As a separate and eleventh affirmative defense, Defendants allege that each and every state-law claim for relief contained in the Complaint is barred by the provisions of California Government Code section 815. Specifically, except as otherwise provided by statute, a public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Immune from Liability – Govt Code § 815.2)**

12. As a separate and twelfth affirmative defense, Defendants allege that each and every state-law claim for relief contained in the Complaint is barred by the provisions of California Government Code section 815.2. Specifically, except as otherwise provided by statute, a public entity is not liable for any injury resulting from an act or omission of an employee of the public entity where the employee is immune from liability.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Immune from Liability - Govt Code § 818.8)**

13. As a separate and thirteenth affirmative defense to the First Amended Complaint and each purported cause of action contained therein, Defendants allege that Defendants are immune from liability on all causes of action pursuant to California Government Code Section 818.8.

/ / /

/ / /

/ / /

COLE HUBER LLP
2281 LAVA RIDGE COURT, SUITE 300
ROSEVILLE, CALIFORNIA 95661

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Immune from Liability - Govt Code § 820.2)**

14. As a separate and fourteenth affirmative defense to the First Amended Complaint and each purported cause of action contained therein, Defendants allege that Defendants are immune from liability on all causes of action pursuant to California Government Code Section 820.2.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Immune from Liability - Govt Code § 820.4)**

15. As a separate and fifteenth affirmative defense to the First Amended Complaint and each purported cause of action contained therein, Defendants allege that Defendants are immune from liability on all causes of action pursuant to California Government Code Section 820.4.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Immune from Liability - Govt Code § 820.6)**

16. As a separate and sixteenth affirmative defense to the First Amended Complaint and each purported cause of action contained therein, Defendants allege that Defendants are immune from liability on all causes of action pursuant to California Government Code Section 820.6.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Immune from Liability - Govt Code § 820.8)**

17. As a separate and seventeenth affirmative defense to the First Amended Complaint and each purported cause of action contained therein, Defendants allege that Defendants are immune from liability on all causes of action pursuant to California Government Code Section 820.8.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Immune from Liability - Govt Code § 821.6)**

18. As a separate and eighteenth affirmative defense to the First Amended Complaint and each purported cause of action contained therein, Defendants allege that Defendants are immune from liability on all causes of action pursuant to California Government Code Section 821.6.

/ / /

/ / /

COLE HUBER LLP
2281 LAVA RIDGE COURT, SUITE 300
ROSEVILLE, CALIFORNIA 95661

**NINETEENTH AFFIRMATIVE DEFENSE**

**(Immune from Liability - Govt Code § 822.2)**

19. As a separate and nineteenth affirmative defense to the First Amended Complaint and each purported cause of action contained therein, Defendants allege that Defendants are immune from liability on all causes of action pursuant to California Government Code Section 822.2.

**TWENTIETH AFFIRMATIVE DEFENSE**

**(Immune from Liability - Civ Code § 43.55)**

20. As a separate and twentieth affirmative defense to the First Amended Complaint and each purported cause of action contained therein, Defendants allege that Defendants are immune from liability on all causes of action pursuant to California Civil Code § 43.55.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**(Comparative Fault)**

21. As a separate and twenty-first affirmative defense to the Complaint and each purported cause of action contained therein based on alleged negligence, Defendants allege that Plaintiffs' damages, if any, were caused by the primary negligence and/or acquiescence in the acts and omissions alleged in the Complaint by the Plaintiffs, and Plaintiffs' agents, employees, representatives, relatives, heirs, assigns, attorneys, and/or any others acting on Plaintiffs' behalf. By reason thereof, Plaintiffs are not entitled to damages or any other relief whatsoever as against Defendants.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

**(Apportionment of Fault)**

22. As a separate and twenty-second affirmative defense to the Complaint and each purported cause of action contained therein based on alleged negligence, Defendants allege that Plaintiffs' damages, if any, were caused by the negligence and/or acts or omissions of parties other than the Defendants, whether or not parties to this action. By reason thereof, any damages, as against the Defendants, must be reduced by the proportion of fault attributable to such other parties, and to the extent that this is necessary, Defendants may be entitled to partial indemnity from others on a comparative fault basis.

COLE HUBER LLP
2281 LAVA RIDGE COURT, SUITE 300
ROSEVILLE, CALIFORNIA 95661

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

**(Waiver and Estoppel)**

23. As a separate and twenty-third affirmative defense to the Complaint and each purported cause of action contained therein, Defendants allege that as a result of their own acts and/or omissions, Plaintiffs have waived any right which they may have had to recover, and/or are estopped from recovering, any relief sought against Defendants.

WHEREFORE, Defendants pray for relief as follows:

1. That the First Amended Complaint be dismissed, with prejudice and in its entirety;

2. That Plaintiff take nothing by reason of this First Amended Complaint and that judgment be entered against Plaintiff and in favor of Defendants;

3. That Defendants be awarded their costs incurred in defending this action;

4. That Defendants be granted such other and further relief as the Court may deem just and proper.

Dated: July 2, 2026

COLE HUBER LLP

By: ______________________________

Ronald J. Scholar
Tyler J. Sherman
Attorneys for Defendants CITY OF REDDING, LAUREN MEYERS, REGAN ORTEGA, JON SHELDON, REDDING POLICE DEPARTMENT

COLE HUBER LLP
2281 LAVA RIDGE COURT, SUITE 300
ROSEVILLE, CALIFORNIA 95661

**PROOF OF SERVICE**

**Phetakhom Tu Manivong v. City of Redding, et al.**
**Shasta County Superior Court Case No. 209517**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Placer, State of California. My business address is 2281 Lava Ridge Court, Suite 300, Roseville, CA 95661.

On July 2, 2026, I served true copies of the following document(s) described as

**DEFENDANTS CITY OF REDDING, LAUREN MEYERS, REGAN ORTEGA, JON SHELDON AND REDDING POLICE DEPARTMENTS' ANSWER TO FIRST AMENDED COMPLAINT FOR DAMAGES**

on the interested parties in this action as follows:

Eric Alan Berg, Esq.
Daniel Shepherd Henderson, Esq.
THE LAW OFFICES OF BERG & ASSOCIATES, INC.
1361 Esplanade
Chico, CA 95926
Tel: (530) 223-5100
Fax: (530) 223-5200
Email: dhenderson@bergslaw.com
info@bergslaw.com

Attorneys for Plaintiff
PHETAKHOM TU MANIVONG

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on July 2, 2026, at Roseville, California.

***/s/ Kirsten Morris***
Kirsten Morris