AMY ENDO (SBN 272998)
NAMRATA KAKADE (SBN 361958)
LEONARD CARDER, LLP
1999 Harrison St., Suite 2700
Oakland, CA 94612
Telephone: (510) 272-0169
Facsimile: (510) 272-0174
aendo@leonardcarder.com
nkakade@leonardcarder.com

*Attorneys for Defendant*
INTERNATIONAL BROTHERHOOD
OF ELECTRICAL WORKERS LOCAL 1245

Leonard Carder LLP
1999 Harrison Street, Suite 2700
Oakland, CA 94612

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHETAKHOM TU MANIVONG,<br><br>Plaintiff,<br>v.<br><br>CITY OF REDDING; LAUREN MEYERS; REGAN ORTEGA; JON SHELDON; REGAN POLICY DEPARTMENT; IBEW LOCAL 1245 AND DOES 1 THROUGH 50, INCLUSIVE,<br><br>Defendants. | Case No. 2:26-cv-01900-TLN-CSK<br><br>**DEFENDANT IBEW LOCAL 1245'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Judge: Hon. Troy L. Nunley<br>Date: August 20, 2026<br>Time: 2:00 p.m. |

PLEASE TAKE NOTICE THAT on August 20, 2026 at 2:00 p.m., or as soon thereafter as the matter may be heard, in the United States District Court for the Eastern District of California, Sacramento Division, located at 501 I Street, Sacramento, CA 95814, Courtroom 2, 15th floor, the Honorable Troy L. Nunley presiding, Defendant International Brotherhood of Electrical Workers Local 1245 ("Local 1245") will and hereby does move the Court for an order dismissing Plaintiff Phetakhom Tu Manivong's First Amended Complaint as against Local 1245 pursuant to Rule 12(b)(1) and (6) of the Federal Rules of Civil Procedure, without leave to amend.

This motion is based on the grounds that the Court lacks subject matter jurisdiction and the First Amended Complaint fails to state a claim upon which relief may be granted against Local 1245. Specifically, this motion seeks dismissal because all of the claims asserted against Local 1245—the Second, Sixth, and Eighth Causes of Action—are preempted by Local 1245's duty of fair representation under the Meyers-Milias-Brown Act over which the Public Employment Relations Board ("PERB") has exclusive initial jurisdiction, and Plaintiff has failed to exhaust his administrative remedies before PERB. The motion furthermore seeks dismissal of the Second, Sixth, and Eighth causes of action on the grounds that they fail to allege facts sufficient to state any claim against Local 1245.

This Motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, all the pleadings and papers on file in this action, and such other matters as may be present to the Court at the time of the hearing.

DATED: July 13, 2026

Respectfully submitted,
LEONARD CARDER LLP

By: /s/Namrata Kakade
Namrata Kakade
Amy Endo

*Attorneys for Defendant*
INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL 1245

Leonard Carder LLP
1999 Harrison Street, Suite 2700
Oakland, CA 94612

# TABLE OF CONTENTS


I. INTRODUCTION ........................................ 1

II. STATEMENT OF FACTS ........................................ 1

III. ARGUMENT ........................................ 3

A. This Court Lacks Subject Matter Jurisdiction Because PERB Has Exclusive Jurisdiction Over Duty of Fair Representation Claims. ........................................ 3

B. Plaintiff Fails to State a Claim Upon Which Relief May be Granted Against Local 1245 ........................................ 7

1. Plaintiff Fails to State a Breach of Contract Claim Against Local 1245. ... 7

2. Plaintiff's Wrongful Discharge Claim Is Not Cognizable Against Local 1245 ........................................ 8

3. Plaintiff Fails to State a Claim For Intentional Infliction of Emotional Distress Against Local 1245. ........................................ 9

4. Plaintiff Has Not Established a Violation of the Duty of Fair Representation ........................................ 9

C. Leave To Amend Should Be Denied as Futile ........................................ 10

IV. CONCLUSION ........................................ 11


Leonard Carder LLP
1999 Harrison Street, Suite 2700
Oakland, CA 94612

Leonard Carder LLP
1999 Harrison Street, Suite 2700
Oakland, CA 94612

# TABLE OF AUTHORITIES

**Cases**

*Anderson v. Cal. Fac. Ass'n*,
25 Cal. App. 4th 207 (Cal. Ct. App. 1994) .......... 4, 5, 6, 8
*Ankeny v. Lockheed Missiles and Space Co.*,
151 Cal. App. 3d 531 (1979) .......... 9
*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) .......... 7
*Ayres v. International Brotherhood of Electrical Workers, et al.*
666 F.2d 441 (9th Cir. 1982) .......... 10
*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007) .......... 7
*Cisneros v. Instant Cap. Funding Grp., Inc.*,
2009 WL 3049209 (E.D. Cal. Sept. 18, 2009) .......... 7
*City & Cnty. of San Francisco v. Int'l Union of Operating Engineers, Local 39*,
60 Cal. Rptr. 3d 516 (2007) .......... 6, 8
*City of San Jose v. Operating Engineers Local Union No. 3*,
232 P.3d 701 (Cal. 2010) .......... 4, 5
*Coachella Valley Mosquito v. Cal. Pub. Emp. Rels. Bd.*,
112 P.3d 623 (Cal. 2005) .......... 4
*Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.*,
911 F.2d 242 (9th Cir. 1990) .......... 10
*Davidson v. City of Westminster*,
32 Cal.3d 197 (1982) .......... 9
*Del Costello v. Int'l Bhd. of Teamsters*,
462 U.S. 151 (1983) .......... 10
*Earnest v. San Joaquin Gen. Hosp.*,
2017 WL 1179168 (E.D. Cal. Mar. 30, 2017) .......... 6, 7, 9
*Glover v. Cal. State Univ. Fresno*,
2015 WL 4508714 (E.D. Cal. July 24, 2015) .......... 6
*Harrell v. City of Gilroy*,
2018 WL 3845862 (N.D. Cal. Aug. 13, 2018) .......... 5
*In re Gilead Scis. Secs. Litig.*,
536 F.3d 1049 (9th Cir. 2008) .......... 7
*Kokkonen v. Guardian Life Ins. Co. of America*,
511 U.S. 375 (1994) .......... 3
*Leite v. Crane Co.*,
749 F.3d 1117 (9th Cir. 2014) .......... 3
*McKenna v. Permanente Med. Grp., Inc.*,
894 F. Supp. 2d 1258 (E.D. Cal. 2012) .......... 9

Leonard Carder LLP
1999 Harrison Street, Suite 2700
Oakland, CA 94612

*Miklosy v. Regents of Univ. of Cal.*,
188 P.3d 629 (Cal. 2008) ........ 8

*Palomar Health v. Nat'l Nurses United*,
316 Cal. Rptr. 3d 247 (Cal. Ct. App. 2023) ........ 3, 4, 5, 11

*Paulsen v. Loc. No. 856 of Int'l. Bd. of Teamsters*,
123 Cal. Rptr. 3d 332 (Cal. Ct. App. 2011) ........ 5, 9

*Prout v. U.S. Equal Emp. Opportunity Comm'n*,
2024 WL 3418170 (S.D. Cal. July 15, 2024) ........ 5, 6

*Reddy v. Litton Indus., Inc.*,
912 F.2d 291 (9th Cir. 1990) ........ 10

*San Diego Building Trades Council, Millmen's Union, Local 2020 v. Garmon*,
359 U.S. 236 (1959) ........ 5

*Sarro v. Retail Store Emps. Union*,
155 Cal. App. 3d 206 (1984) ........ 8, 10

*Sprewell v. Golden State Warriors*,
266 F.3d 979 (9th Cir. 2001) ........ 7

*Student Loan Mktg. Ass'n v. Hanes*,
1998 WL 547007 (S.D. Cal. Aug. 24, 1998) ........ 7

*Tameny v. Atlantic Richfield Co.*,
27 Cal. 3d 167 (1980) ........ 8

*Terenkian v. Republic of Iraq*,
694 F.3d 1122 (9th Cir. 2012) ........ 3

*Thomsen v. Sacramento Metro. Fire Dist.*,
2009 WL 8741960 (E.D. Cal. Oct. 20, 2009) ........ 4

**Statutes**

29 U.S.C. §152(2) ........ 10
29 U.S.C. §152(5) ........ 10
Cal. Gov't Code §3501(a), (c) ........ 4
Cal. Gov't Code §3509(d) ........ 4

**Rules**

Fed. R. Civ. P. 12(b)(1) ........ 3
Fed. R. Civ. P. 12(b)(6) ........ 3

Leonard Carder LLP
1999 Harrison Street, Suite 2700
Oakland, CA 94612

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Plaintiff Phetakhom Tu Manivong ("Plaintiff") was an employee of Defendant City of Redding ("the City") and member of the International Brotherhood of Electrical Workers Local 1245 ("Local 1245" or "the Union"). His claims against Local 1245 are based entirely on his allegation that Local 1245 failed to adequately represent him by not pursuing a grievance on his behalf following the City's termination of his employment. In the First Amended Complaint, Plaintiff asserts three causes of action against the Union: (1) wrongful discharge in violation of public policy; (2) breach of contract; and (3) intentional infliction of emotional distress.

All of Plaintiff's claims against Local 1245 must be dismissed with prejudice because they are preempted by the Union's duty of fair representation under the Meyers-Milias-Brown Act ("MMBA"). The Public Employment Relations Board ("PERB") has exclusive initial jurisdiction over such claims, and Plaintiff has failed to exhaust his administrative remedies before PERB prior to filing this action. This Court therefore lacks subject matter jurisdiction over these claims.

Moreover, Plaintiff has not pled sufficient facts to state a claim for relief against Local 1245 under any cause of action because the refusal to pursue a grievance does not establish a viable claim against the Union as a matter of law. Since these flaws are not remediable, Plaintiff's claims against Local 1245 should be dismissed with prejudice and without leave to amend.

### II. STATEMENT OF FACTS

Plaintiff commenced this action against the City, Local 1245, the Redding Police Department, and three law enforcement officers at the Redding Police Department in Superior Court for the State of California, Shasta County on December 29, 2025. Notice of Removal to Federal Ct. 7-15, Dkt. No. 1 at Ex. A (Pl.'s Compl.). Plaintiff filed a First Amended Complaint ("FAC") in state court on May 5, 2026. *Id.* at 18-33, Dkt. No. 1 at Exh. B (First Am. Compl.). Defendants the City, Redding Policy Department, and the three law enforcement officers filed a motion to remove this action to federal court on May 22, 2026. Notice of Removal to Federal

Ct., Dkt. No. 1.

In his FAC, Plaintiff alleges he was formerly employed by the City of Redding as a Garbage Truck Driver, and later a Storm Drains Heavy Equipment Operator, and was a member of a bargaining unit represented by Local 1245, a labor organization under federal and state law. First Am. Compl. ¶ 11. Plaintiff's employment was governed by a collective bargaining agreement ("CBA") between Local 1245 and the City during that period of time. *Id.* On or around August 12, 2022, Plaintiff was arrested in Shasta County for alleged violations of several provisions of the Penal Code. *Id.* at ¶ 14. He was placed immediately on paid administrative leave. *Id.* at ¶ 15. About three months later, the City notified Plaintiff of its intent to terminate his employment. *Id.* at ¶ 18. On or about December 28, 2022, the City conducted a *Skelly* hearing and upheld its decision to terminate Plaintiff. *Id.* at ¶¶ 19-20.

Plaintiff alleges that he then initiated a grievance process under the CBA and that Local 1245 "requested information from the City to process the grievance at Step 5." First Am. Compl. ¶ 21. The City denied the grievance, but agreed that if it advanced to arbitration, the City would stipulate to a continuance until the criminal proceedings against Plaintiff concluded. *Id.* Plaintiff alleges the Union requested to advance the grievance to arbitration with the continuance. *Id.* Plaintiff was acquitted in the criminal proceedings in June 2025. *Id.* at ¶ 22.

Plaintiff alleges that he sent the verdict to his union representative and Local 1245 withdrew the grievance on July 1, 2025. *Id.* at ¶ 23. According to Plaintiff, the Union withdrew the grievance via letter "citing the Pre-Arbitration Review Committee's (PARC) refusal to authorize arbitration and the City's refusal to resolve voluntarily." *Id.* Plaintiff alleges that his counsel later requested arbitration on December 29, 2025, but "the City failed to offer or schedule arbitration, and [the Union] failed to pursue it on Plaintiff's behalf." First Am. Compl. ¶ 23. This alleged failure to pursue the grievance is the crux of Plaintiff's complaint against Local 1245.

Plaintiff brings three California common law causes of action against Local 1245 centered around these allegations: (1) wrongful discharge in violation of public policy, (2) breach of contract, and (3) intentional infliction of emotional distress. *Id.* at ¶¶ 40-47, 73-78, 88-93.

Leonard Carder LLP
1999 Harrison Street, Suite 2700
Oakland, CA 94612

Leonard Carder LLP
1999 Harrison Street, Suite 2700
Oakland, CA 94612

Plaintiff alleges that Local 1245 failed to represent Plaintiff through the grievance process in violation of public policy and the operative CBA, and that Plaintiff suffered severe emotional distress as a result of Local 1245's conduct. *Id*. Notably, Plaintiff expressly alleges that he exhausted his administrative remedies under FEHA by first filing a charge with the California Civil Rights Department, but makes no reference to the exhaustion of administrative remedies with regard to his claims against the Union. *Id.* at ¶ 33.

## III. ARGUMENT

Federal Rule of Civil Procedure 12(b) provides for dismissal of a complaint where, *inter alia*, the Court lacks subject matter jurisdiction, or the Plaintiff has failed to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(1), (6). For the reasons set forth below, all of Plaintiff's claims against Local 1245 should be dismissed with prejudice because: (1) they are fairly construed as duty of fair representation claims over which this Court lacks subject matter jurisdiction; and (2) regardless of whether they are analyzed under the asserted common law theories or as a duty of fair representation claim, they fail to state a claim upon which relief can be granted against Local 1245 as a matter of law.

### A. **This Court Lacks Subject Matter Jurisdiction Because PERB Has Exclusive Jurisdiction Over Duty of Fair Representation Claims.**

A complaint should be dismissed when it fails to allege facts sufficient to find that the Court has subject matter jurisdiction over the action. Fed. R. Civ. Pro. 12(b)(1). As the party initiating the action, Plaintiff bears the burden of substantiating that subject matter jurisdiction lies with the Court. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 376-78 (1994); *Leite v. Crane Co.,* 749 F.3d 1117, 1121 (9th Cir. 2014) (observing "[t]he plaintiff bears the burden of proving by a preponderance of the evidence that each of the requirements for subject matter jurisdiction has been met"). If the sufficiency of the pleadings is at issue, the plaintiff must have alleged a plausible set of facts establishing subject matter jurisdiction in order to survive Rule 12(b)(1). *Terenkian v. Republic of Iraq*, 694 F.3d 1122, 1131 (9th Cir. 2012). Claims that are subject to the exclusive jurisdiction of the Public Employment Relations Board must be dismissed pursuant to Rule 12(b)1). *See, e.g.*, *Palomar Health v. Nat'l Nurses United*,

Leonard Carder LLP
1999 Harrison Street, Suite 2700
Oakland, CA 94612

316 Cal. Rptr. 3d 247 (Cal. Ct. App. 2023).

Labor relations between the City and Local 1245 are governed by a comprehensive state statutory regime that preempts the Court's jurisdiction in this matter. Specifically, California has enacted a series of legislative measures that grant state and local employees organizational and negotiating rights analogous to rights afforded private sector employees under federal labor relations laws. *Anderson v. Cal. Fac. Ass'n*, 25 Cal. App. 4th 207, 211 (Cal. Ct. App. 1994). One such law, the Meyers-Milias-Brown Act ("MMBA") of 1968, imposes a duty on local public entities to meet and confer in good faith with representatives of recognized employee organizations over terms and conditions of employment. *Coachella Valley Mosquito v. Cal. Pub. Emp. Rels. Bd.*, 112 P.3d 623, 629-30, 1083 (Cal. 2005). The MMBA covers "employee organizations" that "represent employees of a public agency," which includes employees of "every governmental subdivision…every town, city, county, city and county and municipal corporation, whether incorporated or not and whether chartered or not." Cal Gov't Code § 3501(a), (c) (West 2004). This includes organizations like Local 1245 that represent employees of the City of Redding.

The Public Employment Relations Board ("PERB") is the quasi-judicial administrative agency, modeled after the National Labor Relations Board, that enforces California's public sector labor laws, including the MMBA. *See Coachella Valley*, 112 P.3d at 630-31 (describing the history of PERB). Under California law, PERB has exclusive jurisdiction to adjudicate unfair labor practices under the MMBA. *See* Cal. Gov't Code § 3509(d) (West 2025); *Paulsen v. Loc. No. 856 of Int'l. Bd. of Teamsters*, 123 Cal. Rptr. 3d 332, 338 (Cal. Ct. App. 2011) ("PERB has exclusive initial jurisdiction over MMBA unfair practice charges"); *Thomsen v. Sacramento Metro. Fire Dist.*, 2009 WL 8741960, at *5 (E.D. Cal. Oct. 20, 2009) ("[U]nder California state law, [PERB[ has exclusive jurisdiction pursuant to the [MMBA]."). The California Supreme Court has observed "that the principles defining the preemptive reach of the [National Labor Relations Act ("NLRA")] are generally applicable in determining the scope of PERB's preemptive jurisdiction." *City of San Jose v. Operating Engineers Local Union No. 3*, 232 P.3d 701, 705 (Cal. 2010) (internal marks and citations omitted). Thus, an employee seeking to bring

Leonard Carder LLP
1999 Harrison Street, Suite 2700
Oakland, CA 94612

a fair representation claim against the union must first turn to PERB. *Prout v. U.S. Equal Emp. Opportunity Comm'n*, 2024 WL 3418170, at *4 (S.D. Cal. July 15, 2024); *Palomar Health*, 316 Cal. Rptr. 3d at 256 ("[E]mployees must exhaust their administrative remedies under the MMBA by applying to PERB before they can ask a court to intervene in a labor dispute.").

California law "treats a union's violation of its duty of fair representation as an unfair practice under the MMBA." *Paulsen*, 123 Cal. Rptr. 3d at 338. "In deciding whether something is an unfair labor practice, and whether PERB consequently has exclusive jurisdiction to hear a matter, [courts] consider the underlying conduct on which the suit is based rather than a superficial reading of the pleadings." *Palomar Health*, 316 Cal. Rptr. 3d at 257 (internal citations omitted). "A complaint need not use the term 'duty of fair representation' to raise claims subject to the MMBA's exhaustion requirements." *Prout*, 2024 WL 3418170, at *4. Rather, PERB's exclusive jurisdiction extends to any conduct "arguably protected or prohibited" by the MMBA. *Id.* (quoting *City of San Jose*, 232 P.3d at 705.) Courts therefore must dismiss claims for judicial relief over matters within PERB's exclusive jurisdiction. *See Harrell v. City of Gilroy*, 2018 WL 3845862, at *10 (N.D. Cal. Aug. 13, 2018) ("California courts and district courts in California have held that when tort and other claims essentially raise a duty of fair representation claim, the tort and other claims are properly dismissed based on the PERB's exclusive jurisdiction."); *Anderson,* 25 Cal. App. 4th at 220 ("It is apparent that PERB has been accorded flexibility in considering fair representation cases that is beyond the ordinary reach of superior court jurisdiction."); *see also City of San Jose*, 232 P.3d 701.

PERB's exclusive jurisdiction over duty of fair representation claims under the MMBA is even more clearly evident under the reasoning of the Supreme Court's decision in *San Diego Building Trades Council, Millmen's Union, Local 2020 v. Garmon*, 359 U.S. 236 (1959). The *Garmon* preemption doctrine states that if "there [is a] danger of state interference with national policy," state and federal courts must defer to the exclusive jurisdiction of the NLRB. *Id.* at 245. California courts have adopted this principle, adapting it to their formulation of PERB's exclusive jurisdiction. *See Anderson*, 25 Cal. App. 4th at 214 (listing cases). Notably, the court in *Anderson* held that "[a] *Garmon*-like principle of preemption applies to potential conflicts of

Leonard Carder LLP
1999 Harrison Street, Suite 2700
Oakland, CA 94612

jurisdiction between California courts and agencies such as PERB which have exclusive jurisdiction over unfair practices." *Id.* at 214. Thus, California courts apply the *Garmon* doctrine to avoid "conflicting adjudications which may interfere with [a labor] board's ability to carry out its statutory role." *Id.* In *Anderson*, the court found that claims about the appropriate administration of employee grievances went to the very heart of the governing statutory scheme, were central to effective labor management relations, and so were preempted by PERB's exclusive jurisdiction. *Id.* at 218. As such, under *Anderson* and *Garmon*, any jurisdiction exercised by this Court would be doubly improper: such exercise would both encroach on the state's jurisdiction over public sector labor relations (jurisdiction expressly conferred upon the state by the NLRA) and intrude into an area of state administrative action where even California state courts cannot interfere.

Applying these principles here, Plaintiff's allegations regarding the Union's handling of his grievance are properly construed as a duty of fair representation claim that goes to the heart of the statutory scheme under the MMBA. Indeed, he expressly alleges that the Union "failed to adhere to representation standards" by failing to pursue arbitration on Plaintiff's behalf, withdrawing his grievance, "failing to represent Plaintiff adequately," and "leaving him without proper representation disadvantageously." First Am. Compl. ¶¶ 37, 76. These are textbook duty of fair representation claims under PERB's exclusive jurisdiction and must be treated as such. *See Anderson*, 25 Cal. App. 4th at 218 (recognizing the "sound basis in public policy for committing the determination of fair representation to the exclusive jurisdiction of PERB" because "the appropriate administration of employee grievances is central to effective labor management relations"); *cf. City & Cnty. of San Francisco*, 60 Cal. Rptr. 3d 516, 523 (a party "may not, through artful pleading, evade PERB's exclusive jurisdiction"). These claims are therefore preempted by the duty of fair representation and must be dismissed. *See Glover v. Cal. State Univ. Fresno*, 2015 WL 4508714, at *5 (E.D. Cal. July 24, 2015) ("[T]he breach of contract claim raised by Plaintiff against CSUEU in the sixth claim is identical to a breach of the duty of fair representation claim presented to PERB and, therefore, this Court lacks jurisdiction over the breach of contract claims."); *Prout*, 2024 WL 3418170, at *5; *see also Earnest v. San

*Joaquin Gen. Hosp.*, 2017 WL 1179168 (E.D. Cal. Mar. 30, 2017), *on reconsideration in part sub nom. Earnest v. San Joaquin Cnty.*, 2018 WL 1567810 (E.D. Cal. Mar. 30, 2018).

### B. Plaintiff Fails to State a Claim Upon Which Relief May be Granted Against Local 1245.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* However, the Court is not required to accept as true allegations "that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (citing *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)). "Naked assertions devoid of further factual enhancement" are inadequate, and there must be "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

"Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility." *Id.* Such a failure to allege facts to move claims "across the line from conceivable to plausible" renders the complaint subject to dismissal." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007). Additionally, the Court must dismiss claims that fail to sufficiently plead all required elements of a cause of action or do not contain allegations "respecting all the material elements necessary to sustain recovery under some viable legal theory." *Cisneros v. Instant Cap. Funding Grp., Inc.*, 2009 WL 3049209, at *2 (E.D. Cal. Sept. 18, 2009) (quoting *Twombly*, 550 U.S. at 562) (citing *Student Loan Mktg. Ass'n v. Hanes,* 1998 WL 547007 (S.D. Cal. Aug. 24, 1998)).

#### 1. Plaintiff Fails to State a Breach of Contract Claim Against Local 1245.

Plaintiff has failed to allege facts establishing a breach of contract claim against Local 1245. His only allegation in support of this claim is that the Union "breached the contract by failing to pursue arbitration post-acquittal, withdrawing the grievance on July 1, 2025, and failing to represent Plaintiff." First Am. Compl. ¶ 76. Despite being characterized as a "breach of

Leonard Carder LLP
1999 Harrison Street, Suite 2700
Oakland, CA 94612

Leonard Carder LLP
1999 Harrison Street, Suite 2700
Oakland, CA 94612

contract" claim, the conduct that forms the basis of this claim directly implicates the Union's statutory duty of fair representation and therefore it is preempted for the reasons discussed above. *See Anderson*, 25 Cal. App. 4th at 211 (finding PERB had exclusive jurisdiction over appellant's claim against the union for failure to file grievances); *cf. Sarro v. Retail Store Emps. Union*, 155 Cal. App. 3d 206, 216 (1984) (finding appellant's cause of action under state contract law "turn on the union's responsibility to represent her in the grievance procedure, a matter governed by the federal standards [on] the duty of fair representation"). Plaintiff cannot avoid preemption of such claims through artful pleading. *See City & Cnty. of San Francisco*, 60 Cal. Rptr. 3d at 521-22 (explaining that "it matters not whether the [plaintiff] characterizes its charge as a refusal by [defendant] to comply with mandatory charter provisions as opposed to 'an unfair practice charge' under MMBA" for purposes of PERB's exclusive jurisdiction).

**2. Plaintiff's Wrongful Discharge Claim Is Not Cognizable Against Local 1245.**

Plaintiff's wrongful discharge claim against Local 1245 is based on the same underlying factual allegations as his other claims and is therefore preempted on the same grounds. First Am. Compl. ¶ 46. Moreover, Plaintiff cannot assert a wrongful discharge claim against Local 1245 because the Union was not his employer. Under California law, "when an employer's discharge of an employee violates fundamental principles of public policy, the discharged employee may maintain a tort action and recover damages traditionally available in such actions." *Tameny v. Atlantic Richfield Co.*, 27 Cal.3d 167, 170 (1980). However, "[t]he breach of the employment relationship is an indispensable element of the tort, because it serves factually as the instrument of injury." *Miklosy v. Regents of Univ. of Cal.*, 188 P.3d 629, 709 (Cal. 2008). In other words, there can be no action for wrongful discharge in violation of public policy without a "prior existence of an employment relationship between the parties." *Id.* ("[A] *Tameny* action for wrongful discharge can only be asserted against *an employer*." (emphasis in original)) Since Plaintiff's own allegations confirm that no such employment relationship exists, this claim must be dismissed.

//

Leonard Carder LLP
1999 Harrison Street, Suite 2700
Oakland, CA 94612

**3. Plaintiff Fails to State a Claim For Intentional Infliction of Emotional Distress Against Local 1245.**

Plaintiff's claim for intentional infliction of emotional distress ("IIED"), like his other claims, are based the same underlying conduct and preempted for the same reasons. But even setting that aside, Plaintiff's allegations come nowhere near establishing the type of "outrageous" conduct necessary to make out an IIED claim. *McKenna v. Permanente Med. Grp., Inc.*, 894 F. Supp. 2d 1258, 1272 (E.D. Cal. 2012). The conduct "must be so extreme as to exceed all bounds of that usually tolerated in a civilized community." *Id.* at 1273 (quoting *Davidson v. City of Westminster*, 32 Cal.3d 197, 209 (1982)); *Earnest*, 2017 WL 1179168, at *6 ("[A] claim for intentional infliction of emotional distress requires extreme and outrageous conduct by defendants, an intention to cause or a reckless disregard for the causing of emotional distress, and severe emotional suffering."). Plaintiff summarily alleges that all of the "Defendants' outrageous conduct, including baseless prosecution, defamation, racial discrimination, and breach of agreements, was intended to cause or recklessly disregarded the probability of causing emotional distress." First Am. Compl. ¶ 89. He alleges that he "suffered severe emotional distress," as a result, but does not point to any conduct on the part of Local 1245 beyond incorporating by reference the same allegations underlying his other claims. No cause of action for intentional infliction of emotional distress will stand where, as here, the Plaintiff has failed to plead facts demonstrating outrageous conduct on the part of Local 1245. *See McKenna*, F. Supp. 2d at 1273 (citing *Ankeny v. Lockheed Missiles and Space Co.,* 151 Cal. App. 3d 531, 536 (1979).)

**4. Plaintiff Has Not Established a Violation of the Duty of Fair Representation.**

Even construing all of these claims under the duty of fair representation, Plaintiff fails to allege sufficient facts to state a claim for relief. In order to establish even a *prima facie* violation of the MMBA's duty of fair representation, the party must "assert facts showing how the exclusive representative's action or inaction was without a rational basis or devoid of honest judgment." *Paulsen*, 123 Cal. Rptr. 3d at 338 (noting that under the MMBA, unions owe a duty of fair representation that "requires them to refrain from representing their members arbitrarily,

Leonard Carder LLP
1999 Harrison Street, Suite 2700
Oakland, CA 94612

discriminatorily, or in bad faith"). Plaintiff's allegations fail to meet this standard. The only purported misconduct he alleges against the Union is that it failed to pursue a grievance on his behalf. Plaintiff makes no allegations as to why the Union's decision was "without rational basis or devoid of honest judgment" or how the decision was "arbitrary, discriminatory, or in bad faith." His assertion that Local 1245 "failed to adhere to representation standards" are conclusory statements devoid of factual enhancements. In fact, Plaintiff's own allegations indicate that Local 1245 did its due diligence and made a reasoned decision: the Union requested information from the City to process the grievance at Step 5, the Union requested to advance the arbitration in early 2023, and it articulated a reason for withdrawing his grievance that is neither irrational nor devoid of honest judgment on its face. Plaintiff alleges no further acts taken by Local 1245 that could conceivably constitute a violation of its duty of fair representation. *Sarro*, 155 Cal. App. 3d at 214 (finding complaint failed to state a cause of action for DFR breach, explaining "the decision not to pursue appellant's grievance to arbitration was within the considerable discretion afforded unions in handling and settling grievances"). Plaintiff's claims are therefore conclusory, vague, and devoid of the factual support necessary to state any claim for relief.[1]

**C. <u>Leave To Amend Should Be Denied as Futile</u>**

A court which grants a motion to dismiss may refuse to allow the plaintiff leave to amend if the amendment would be futile. *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 246-47 (9th Cir. 1990). The question of futility turns on whether the complaint could be amended to cure the defect "without contradicting any of [the] original complaint." *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990). Where claims are preempted and

[1] Plaintiff likewise cannot assert a viable "hybrid" action under Section 301 of the Labor Management Relations Act ("LMRA") because they do not apply to public employees. Hybrid Section 301 claims require the complainant to assert an employer's breach of the collective bargaining agreement *and* the union's breach of the duty of fair representation. *Del Costello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 164–65 (1983). Under the NLRA and the LMRA, the term "employer" expressly excludes "any State or political subdivision thereof . . . ." 29 U.S.C. §152(2). The definition of "labor organization" hinges on the definition of "employer," so federal labor law also does not apply to a labor organization to the extent it represents employees of "any State or political subdivision thereof . . . ." 29 U.S.C. §152(2), (5); *Ayres v. International Brotherhood of Electrical Workers, et al.*, 666 F.2d 441 (9th Cir. 1982) (holding "section 301(a) of the [LMRA] does not grant this court jurisdiction over the claims of an individual employed by a political subdivision of a state").

Leonard Carder LLP
1999 Harrison Street, Suite 2700
Oakland, CA 94612

subject to the exclusive jurisdiction of PERB, they should be dismissed without leave to amend. *See Palomar Health*, 316 Cal. Rptr. 3d at 251 (directing trial court to "enter an order sustaining the demurrer without leave to amend, and to dismiss the case on the grounds that it is subject to the exclusive jurisdiction of PERB"). Here, the claims should be dismissed without leave to amend because this Court lacks jurisdiction over Plaintiff's claims, and even if it had jurisdiction, Plaintiff's allegations do not establish a viable claim against Local 1245 as a matter of law.

## IV. CONCLUSION

For the foregoing reasons, Defendant Local 1245 respectfully requests that the Court grant the instant motion and dismiss Plaintiff's First Amended Complaint as against Local 1245 in its entirety and without leave to amend.

Respectfully submitted,

DATED: July 13, 2026 LEONARD CARDER LLP

By: /s/Namrata Kakade
Namrata Kakade
Amy Endo

*Attorneys for Defendant*
INTERNATIONAL BROTHERHOOD
OF ELECTRICAL WORKERS LOCAL 1245