Eric Alan Berg [SBN 121195]
THE LAW OFFICES OF BERG & ASSOCIATES, INC.
1361 Esplanade
Chico, CA 95926
(530) 223-5100 (Tel)
(530) 223-5200 (Fax)
info@bergslaw.com

Attorneys for Plaintiff
**PHETAKHOM TU MANIVONG**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHETAKHOM TU MANIVONG.,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF REDDING; LAUREN MEYERS; REGAN ORTEGA; JON SHELDON; REDDING POLICE DEPARTMENT; I.B.E.W 1245 AND DOES 1 THROUGH 50, INCLUSIVE<br><br>Defendant | Case no: 2:26-cv-01900-TLN-CSK<br><br>**PLAINTIFF PHETAKHOM TU MANIVONG'S REQUEST FOR LEAVE TO FILE OPPOSITION OUT OF TIME AND OPPOSITION TO DEFENDANT IBEW LOCAL 1245'S MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>JUDGE: HON. TROY L. NUNLEY<br>DATE: August 20, 2026<br>TIME: 2:00 p.m.<br>COURTROOM: 2 |

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**
**INTRODUCTION**

Plaintiff Phetakhom Tu Manivong ("Plaintiff") respectfully submits this Opposition to Defendant International Brotherhood of Electrical Workers Local 1245's ("Local 1245" or "the Union") Motion to Dismiss the First Amended Complaint ("FAC") (Dkt. No. 8). As a threshold matter, Plaintiff requests leave to file this Opposition out of time for the reasons set forth in Section II, below, and in the accompanying Declaration of Eric Alan Berg.

Local 1245's motion asks this Court to treat every allegation against it as nothing more than a garden-variety refusal to pursue a grievance, subject to the exclusive jurisdiction of the Public Employment Relations Board ("PERB") and, in any event, insufficiently pled. But the FAC alleges something more specific: Local 1245 itself negotiated and secured an agreement with the City of Redding ("City") in March 2023 to advance Plaintiff's grievance to arbitration, preserving his backpay, once the criminal proceedings against him concluded. FAC ¶ 21. Plaintiff was acquitted of every charge in June 2025. FAC ¶ 22. Rather than honoring the arrangement it had negotiated, Local 1245 withdrew the grievance by form letter, and when Plaintiff's counsel formally invoked the March 2023 agreement and requested arbitration in December 2025, Local 1245 offered no response and simply did nothing. FAC ¶ 23.

At the pleading stage, and drawing all reasonable inferences in Plaintiff's favor as the Court must, these allegations state a plausible claim that Local 1245's conduct was arbitrary and without rational basis — not a reasoned exercise of the discretion Local 1245's own authority affords it. Dismissal, if warranted at all, should be without prejudice and with leave to amend so that any pleading deficiencies the Court identifies can be cured. Local 1245's request that the Court foreclose Plaintiff's claims permanently, on a first Rule 12 motion directed at a first amended complaint, is not supported by the governing standard for denying leave to amend.

## II.
## PLAINTIFF'S REQUEST FOR LEAVE TO FILE THIS OPPOSITION OUT OF TIME SHOULD BE GRANTED

Under this Court's Local Rule 230(c), an opposition to a motion must ordinarily be filed and served no later than fourteen (14) days preceding the noticed hearing date. Local 1245 noticed its motion for hearing on August 20, 2026, making the presumptive opposition deadline August 6, 2026. Plaintiff's counsel did not become aware that the motion had been filed until after that date had passed.

As set forth in the accompanying Declaration of Eric Alan Berg, Local 1245's proof of service reflects that the motion was served by CM/ECF to eric@bergslaw.com and sdeol@bergslaw.com. Berg Decl. ¶ 3. The second address is not, and has never been, an email address used by any attorney of record for Plaintiff in this action — it does not appear on the FAC, on Plaintiff's counsel's letterhead, or in any prior filing or correspondence in this matter. Id. ¶ 4. As a result, the electronic notice generated by that service did not come to the attention of the attorneys actually handling this case in the ordinary course, and the motion was not discovered until shortly before the filing of this Opposition. Id. ¶ 5. Plaintiff's counsel filed this Opposition promptly upon discovering the motion. Id. ¶ 6.

Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure permits a court, on motion made after the time for an act has expired, to extend the time where the party failed to act because of excusable neglect. "Excusable neglect" under Rule 6(b) is an "elastic concept" that is not limited to circumstances beyond the movant's control, and turns on an equitable determination of all relevant circumstances, including (1) the danger of prejudice to the opposing party, (2) the length of the delay and its potential impact on the proceedings, (3) the reason for the delay, including whether it was within the movant's reasonable control, and (4) whether the movant acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392, 395 (1993).

Each factor favors granting leave here. First, Local 1245 will suffer no prejudice: the hearing remains ten days away, Local 1245 retains its full right to file a reply, and no discovery, trial date, or other case deadline is affected by the timing of this filing. Second, the delay is brief and was not the product of any strategic decision. Third, the reason for the delay was the absence of effective notice to Plaintiff's actual counsel of record, not any lack of diligence once the motion came to light. Fourth, Plaintiff's counsel acted in good faith and without delay upon

learning of the motion. See id. Under these circumstances, and given the strong federal policy favoring resolution of disputes on their merits rather than by default, Plaintiff respectfully requests that the Court accept this Opposition as timely filed, or in the alternative grant leave under Rule 6(b)(1)(B) to file it out of time.

## III.
## STATEMENT OF FACTS

Plaintiff was employed by the City as a Garbage Truck Driver and later a Storm Drains Heavy Equipment Operator and was a member of the bargaining unit represented by Local 1245 under a collective bargaining agreement ("CBA") between Local 1245 and the City. FAC ¶ 11. Plaintiff was arrested in August 2022 and, following a Skelly hearing, was terminated by the City effective December 28, 2022. FAC ¶¶ 14, 19–20.

Plaintiff initiated a grievance under the CBA. On February 23, 2023, Local 1245 requested information from the City to process the grievance at Step 5. FAC ¶ 21. On March 7, 2023, City Manager Barry Tippin denied the grievance but agreed that if it advanced to arbitration, the City would stipulate to a continuance until the conclusion of the criminal proceedings against Plaintiff, and that the continuance would not reduce any backpay award if the termination were later overturned. Id. On March 17, 2023, Local 1245 itself requested to advance the grievance to arbitration on that basis. Id. On March 20, 2023, Tippin confirmed the City's agreement on the record. Id.

Plaintiff was acquitted of all charges on June 3, 2025. FAC ¶ 22. Plaintiff promptly sent the verdict to his union representative, Dominic McCurtain, expecting the arbitration process negotiated in March 2023 to proceed. FAC ¶ 23. Instead, on July 1, 2025, Local 1245 formally withdrew the grievance by letter, citing the Pre-Arbitration Review Committee's ("PARC") refusal to authorize arbitration and the City's refusal to resolve the matter voluntarily. Id. Local

1245's letter did not explain PARC's reasoning, and the FAC does not allege that Local 1245 ever disclosed one to Plaintiff. Id.

On December 29, 2025, Plaintiff's counsel formally requested arbitration on Plaintiff's behalf, expressly invoking the March 2023 agreement, the City's own procedures, and the CBA. Id. The City did not offer or schedule arbitration, and Local 1245 "failed to pursue it on Plaintiff's behalf." Id. Local 1245 offered Plaintiff no response, explanation, or further communication concerning the renewed request. Id.

Based on these facts, Plaintiff's Sixth Cause of Action alleges that Local 1245 breached its contractual obligations to Plaintiff — arising from the CBA and union bylaws requiring representation in grievances and arbitrations — by failing to pursue arbitration post-acquittal, by withdrawing the grievance, and by failing to represent Plaintiff adequately. FAC ¶¶ 74–76. The Second Cause of Action (wrongful discharge) and Eighth Cause of Action (intentional infliction of emotional distress) reference the same underlying conduct as among several defendants' collective course of conduct toward Plaintiff. FAC ¶¶ 46, 88–93.

## IV.
## LEGAL STANDARD

On a motion under Rule 12(b)(6), the Court must accept all well-pled factual allegations as true and construe them, together with all reasonable inferences, in the light most favorable to the nonmoving party. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint survives if it states a claim that is plausible on its face, meaning the factual content pled allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678.

Where a Rule 12(b)(1) motion attacks the sufficiency of the complaint's jurisdictional allegations, the Court likewise accepts the plaintiff's allegations as true unless controverted by

extrinsic evidence, and dismissal for lack of subject matter jurisdiction is disfavored where the jurisdictional facts are intertwined with the merits. Leave to amend should be freely given "when justice so requires," Fed. R. Civ. P. 15(a)(2), a standard the Ninth Circuit applies with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)). Dismissal with prejudice and without leave to amend is proper only where amendment would be futile, or where one of the other factors identified in *Foman v. Davis*, 371 U.S. 178, 182 (1962) — undue delay, bad faith, repeated failure to cure deficiencies, or undue prejudice to the opposing party — is present. Prejudice to the opposing party carries the greatest weight of these factors. *Eminence Capital*, 316 F.3d at 1052.

## V.
## ARGUMENT

### A. EVEN IF PERB HAS PRIMARY JURISDICTION OVER SOME OR ALL OF PLAINTIFF'S CLAIMS, DISMISSAL SHOULD BE WITHOUT PREJUDICE AND WITH LEAVE TO AMEND, NOT A FINAL ADJUDICATION ON A FIRST RULE 12 MOTION.

Local 1245 is correct that California courts, applying *Anderson v. Cal. Fac. Ass'n*, 25 Cal. App. 4th 207 (Cal. Ct. App. 1994), and its progeny, have generally treated a union's handling of a member's grievance as implicating the duty of fair representation under the Meyers-Milias-Brown Act ("MMBA"), over which PERB has primary jurisdiction. Plaintiff does not ask this Court to disregard that line of authority. Plaintiff asks only that, if the Court agrees dismissal is warranted, it dismiss without prejudice and grant leave to amend — the ordinary and preferred course under Rule 15(a) — rather than foreclose Plaintiff's claims against Local 1245 permanently on this first motion directed at a first amended pleading.

That distinction matters here for a concrete reason: the MMBA's limitations period for an unfair practice charge before PERB is six months. Cal. Gov't Code § 3541.5(a)(1). If the

Court determines that Plaintiff's claims against Local 1245 sound in duty of fair representation and were required to be presented to PERB, Plaintiff is entitled to the opportunity to plead, in an amended complaint, any facts bearing on exhaustion — including facts bearing on whether resort to PERB would now be futile, a recognized exception to the exhaustion requirement where the underlying legal question has already been foreclosed or the delay is attributable to the opposing party's own conduct. *Coachella Valley Mosquito & Vector Control Dist. v. Cal. Pub. Emp. Rels. Bd.*, 35 Cal. 4th 1072, 1080–81 (2005). Plaintiff is not asking the Court to resolve that question now on an undeveloped record; Plaintiff asks only that the door not be closed before Plaintiff has had a fair opportunity to plead it.

Nothing in Local 1245's motion identifies why amendment on this point would be futile. Local 1245's futility argument (Mot. at 10) is instead directed entirely at the merits of the duty-of-fair-representation standard — an argument addressed in Section V.B, below — and does not address whether Plaintiff could plead additional facts bearing on exhaustion or a recognized exception to it. Because futility "turns on whether the complaint could be amended to cure the defect," *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990), and Local 1245 has not shown that no amendment could cure any jurisdictional defect, dismissal with prejudice is unwarranted at this stage.

B. <u>PLAINTIFF HAS PLAUSIBLY ALLEGED CONDUCT BY LOCAL 1245 THAT WAS ARBITRARY AND WITHOUT RATIONAL BASIS.</u>

Even measured against the duty-of-fair-representation standard Local 1245 itself invokes — that the party must show the union's action or inaction was "without a rational basis or devoid of honest judgment," *Paulsen v. Loc. No. 856 of Int'l Bd. of Teamsters*, 123 Cal. Rptr. 3d 332, 338 (Cal. Ct. App. 2011) — the FAC's own factual allegations, taken as true, plausibly satisfy that standard.

Local 1245 characterizes the FAC as alleging nothing more than a discretionary decision not to arbitrate. Mot. at 9–10. But the FAC does not allege a single discretionary refusal; it alleges a specific, negotiated commitment that Local 1245 itself sought and secured — an agreement, memorialized by the City in writing, that arbitration would proceed and backpay would be preserved once the criminal proceedings concluded — followed by two separate, unexplained failures to honor that commitment. First, Local 1245 withdrew the grievance in July 2025 by form letter that cited only PARC's "refusal to authorize arbitration," without ever disclosing to Plaintiff any reason for that refusal notwithstanding the arrangement Local 1245 itself had negotiated fewer than three years earlier. FAC ¶ 23. Second, and more tellingly, when Plaintiff's counsel formally invoked that same March 2023 agreement in December 2025 and requested that Local 1245 pursue arbitration, Local 1245 did not respond with any explanation at all — it simply "failed to pursue it." Id.

Total, unexplained inaction in response to a specific, previously-negotiated request is qualitatively different from the reasoned exercises of discretion at issue in the cases Local 1245 relies upon. In *Sarro v. Retail Store Employees Union*, for example, the union's decision not to arbitrate was upheld because it was a considered judgment, made within the union's discretion, about the merits of pursuing the grievance. 155 Cal. App. 3d 206, 216 (1984). The FAC does not allege that Local 1245 ever exercised, or even purported to exercise, comparable judgment in response to the December 2025 request — it alleges silence. At the pleading stage, and with all reasonable inferences drawn in Plaintiff's favor, that silence, following an earlier written commitment Local 1245 itself negotiated, plausibly supports an inference that Local 1245's ultimate refusal to act was not a reasoned judgment but an arbitrary abandonment of a member with a fully favorable underlying record — acquittal on every charge. Whether discovery ultimately bears that out, including what (if anything) PARC's stated reasons actually were and

whether Local 1245 ever communicated them, is a question for summary judgment, not the pleadings.

C. <u>THE SECOND CAUSE OF ACTION SHOULD BE DISMISSED AS TO LOCAL 1245 WITHOUT PREJUDICE, NOT ADJUDICATED ON THE MERITS.</u>

Plaintiff does not dispute that a Tameny-style claim for wrongful discharge in violation of public policy requires an employer-employee relationship, *Miklosy v. Regents of Univ. of Cal.*, 188 P.3d 629, 709 (Cal. 2008), and that Local 1245 was not Plaintiff's employer. Plaintiff does not oppose dismissal of the Second Cause of Action as against Local 1245. Plaintiff requests only that any such dismissal be without prejudice, consistent with the treatment requested throughout this Opposition, since the underlying conduct described in that count is not independently adjudicated by its dismissal and continues to be addressed through the Sixth Cause of Action.

D. <u>THE IIED CLAIM SHOULD NOT BE DISMISSED WITH PREJUDICE.</u>

Local 1245 argues that Plaintiff's intentional infliction of emotional distress claim fails because it incorporates the same conduct alleged elsewhere and does not, standing alone, describe outrageous conduct by Local 1245. Mot. at 9. Plaintiff acknowledges that a claim resting solely on a union's discretionary refusal to arbitrate has been held insufficient to meet the demanding "outrageous conduct" standard. But the FAC alleges that Plaintiff's severe emotional distress — including suicidal ideation and family strain, FAC ¶ 90 — arose from the combined effect of Defendants' course of conduct, of which Local 1245's abandonment of a negotiated commitment, at a moment when Plaintiff had just been fully vindicated by acquittal, was a part. Even if the Court concludes the current allegations do not sufficiently particularize Local 1245's individual contribution to that harm, the appropriate remedy is dismissal without prejudice and

leave to amend to add the necessary specificity — not dismissal with prejudice on a first amended complaint.

//

//

E. LEAVE TO AMEND SHOULD BE FREELY GRANTED.

None of the factors that justify denying leave to amend is present here. There has been no undue delay — this is the first Rule 12 motion directed at the operative complaint, filed in the ordinary course after removal. There is no evidence of bad faith or dilatory motive. There has been no "repeated failure to cure deficiencies," since Plaintiff has not previously had the opportunity to amend in response to a ruling on any of the grounds Local 1245 now raises. And, as the Ninth Circuit has emphasized, prejudice to the opposing party — the most important of the Foman factors — is entirely absent: no discovery has occurred, no trial date has been set, and Local 1245 identifies no way in which further amendment would prejudice its defense. *Eminence Capital*, 316 F.3d at 1052. Under these circumstances, dismissal with prejudice would be an abuse of discretion. Id. at 1051–52.

**VI.**
**CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court (1) accept this Opposition as timely filed, or grant leave under Rule 6(b)(1)(B) to file it out of time; (2) deny Local 1245's Motion to Dismiss; or (3) in the alternative, grant the motion only without prejudice and with leave to amend.

Respectfully submitted this 13th day of August 2026.

**THE LAW OFFICES OF BERG & ASSOCIATES, INC.**

Eric Alan Berg
Attorney for Plaintiff
**PHETAKHOM TU MANIVONG**

**PROOF OF SERVICE**

I am a citizen of the United States and employed in Shasta County, California. I am over the age of eighteen years and not a party to the within action. My business address is 5000 Bechelli Lane, Suite 201, Redding, California, 96002. On this date I served:

**PLAINTIFF PHETAKHOM TU MANIVONG'S REQUEST FOR LEAVE TO FILE OPPOSITION OUT OF TIME AND OPPOSITION TO DEFENDANT IBEW LOCAL 1245'S MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

______by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully pre-paid, in the United States Post Office mailbox at Redding, California, addressed as set forth below.

______by personally delivering a true copy thereof to the person and at the address set forth below.

______by electronic mail to the address below from plagaay@bergslaw.com pursuant to Code of Civil Procedure §1010.6 and California Rules of Court rule 2.251.

Amy Endo
Namrata Kakade
LEONARD CARDER, LLP
1999 Harrison St., Suite 2700
Oakland, CA 94612
aendo@leonardcarder.com
nkakade@leonardcarder.com
Attorneys for Defendant IBEW Local 1245

Ronald J. Scholar
Tyler J. Sherman
COLE HUBER LLP
2281 Lava Ridge Court, Suite 300
Roseville, CA 95661
tsherman@colehuber.com
Attorneys for Defendants City of Redding, Lauren Meyers, Regan Ortega, Jon Sheldon, and Redding Police Department

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on the _____ day of August 2026, at Redding, Shasta County, California.

______________________________